### KAVOURGIAS v. NICHOLAOU CO., Limited.

### No. 10801.

Circuit Court of Appeals, Ninth Circuit.

March 12, 1945.

William Petros and S. T. Hogevol, both of San Francisco, Cal., for appellant.

Lillick, Geary, Olson & Charles, Allan E. Charles and Harold S. Dobbs, all of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

This was a suit by appellant, Ioannis Kavourgias, a citizen and subject of the Kingdom of Greece, against appellee, Nicholaou Company, Limited, a Greek corporation, for damages in the sum of $10,000. The suit was brought in the Superior Court of the State of California in and for the City and County of San Francisco, but, on petition of appellee, was removed from that court to the District Court of the United States for the Northern District of California. There appellee moved for and obtained a so-called order of court declining jurisdiction. From that order—which was, in effect, a judgment of dismissal—this appeal is prosecuted.

The question is whether the suit was removable. Though not raised by the parties, the question is here and must be decided.[1]

Section 28 of the Judicial Code, 28 U.S. C.A. § 71, provides for removal of any "suit of a civil nature, at law or in equity, * * * of which the district courts of the United States are given original jurisdiction."

By § 24(1) of the Judicial Code, 28 U.S. C.A. § 41(1), the district courts of the United States are given original jurisdiction of "all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or citizens of the District of Columbia, the Territory of Hawaii, or Alaska, and any State or Territory, or (c) is between citizens of a State and foreign States, citizens, or subjects."

---

1 Chicago, Burlington & Quincy R. Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521; Cheyne v. Atchison, T. & S. F. R. Co., 9 Cir., 125 F.2d 49.

This was a suit of a civil nature, at common law, and the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000, but it did not arise under the Constitution or laws of the United States or any treaty, nor was it between citizens of different States, or citizens of the District of Columbia, Hawaii or Alaska and any State or Territory, nor was it between citizens of a State and foreign States, citizens or subjects. It was between aliens.

Being a suit between aliens, wherein no Federal question was raised, this was not a suit of which the district courts of the United States are given original jurisdiction,[2] and hence was not removable.[3]

Order reversed and case remanded to the District Court, with directions to remand it to the Superior Court.

---

[2] Cunard S.S. Co. v. Smith, 2 Cir., 255 F. 846, 848; Doidge v. Cunard S.S. Co., 1 Cir., 19 F.2d 500, 502; Ex parte Edelstein, 2 Cir., 30 F.2d 636, 638. See, also, Mossman v. Higginson, 4 Dall. 12, 1 L.Ed. 720; Montalet v. Murray, 4 Cranch 46, 2 L.Ed. 545; Hodgson v. Bowerbank, 5 Cranch 303, 3 L.Ed. 108; Jackson v. Twentyman, 2 Pet. 136, 7 L.Ed. 374.

[3] Judicial Code, § 28, 28 U.S.C.A. § 71.