**Miguel FIRPI, Plaintiff,**

v.

**PAN AMERICAN WORLD AIRWAYS, INC., Defendant.**

**Civ. No. 357–58.**

United States District Court
D. Puerto Rico,
San Juan Division.

March 31, 1959.

F. Fernandez Cuyar, San Juan, P. R., for plaintiff.

Hartzell, Fernandez & Novas, San Juan, P. R., for defendant.

## RUIZ-NAZARIO, District Judge.

This case was removed from the Court of First Instance of Puerto Rico, Superior Court, San Juan Part, on November 24, 1958. It is a civil action in which plaintiff claims damages for an alleged breach of transportation contract with defendant. The amount in controversy, exclusive of interest and costs, is $9,925. Plaintiff was and is a citizen of, and domiciled in the Commonwealth of Puerto Rico, and defendant is a corporation which is a citizen of, and domiciled in, the State of New York.

Defendant alleges in opposition to the motion to remand, that this court has original jurisdiction under the provisions of 48 U.S.C.A. § 863, and that this case is a proper case for removal under section 1441, Title 28 U.S.C.A.

The corporate defendant's contention is that the Act of July 25, 1958, amending the jurisdiction of district courts in civil actions with regard to amount in controversy and diversity of citizenship [1] is in-

1. "An Act Amending the jurisdiction of district courts in civil actions with regard to the amount in controversy and diversity of citizenship.

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That section 1331 of title 28 of the United States Code is amended to read as follows: * * *

"'(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

"'(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the

applicable to the United States District Court for the District of Puerto Rico. Reliance is placed on Title 48 U.S.C.A. § 863, which states as follows:

"§ 863. District court; additional jurisdiction; payment of salaries and expenses; vacancies

"The United States District Court for the District of Puerto Rico shall, *in addition to its other jurisdiction,* have jurisdiction for the naturalization of aliens and Puerto Ricans, and, for this purpose, residence in Puerto Rico shall be counted in the same manner as residence elsewhere in the United States. Said district court shall have jurisdiction of all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign State or States, or citizens of a State, Territory, or District of the United States not domiciled in Puerto Rico, wherein the matter in dispute exceeds, exclusive of interest or cost, the sum or value of $3,000, and of all controversies in which there is a separable controversy involving such jurisdictional amount and in which all of the parties on either side of such separable controversy are citizens or subjects of the character aforesaid". (Emphasis supplied.)

At the outset it must be stated that the United States District Court for the District of Puerto Rico has a twofold jurisdiction not enjoyed by other United States District Courts.

First it has the "other jurisdiction" which is that conferred upon all of the United States District Courts of which number this court was made one, for the first time, by express provision of the Act of June 25, 1948, Title 28 U.S.C.A. §§ 119 and 451. This "other jurisdiction" insofar as diversity of citizenship is concerned, is defined in Section 1332, Title 28 U.S.C.A., quoted in its present form in the margin. The Act of July 25, 1958, amended section 1332 by raising the amount in controversy from the former amount in excess of $3,000 to an amount exceeding $10,000 (the provision relating to citizenship of corporations is not involved in the case at bar). Defendant's contention however is that the jurisdictional amount required for removal of civil actions to this court remains at the lower figure of an amount exceeding $3,000, as fixed "in addition" by Section 863 of Title 48 U.S.C.A. The theory advanced is that to hold that the amendment of July 25, 1958, is applicable to this court would be tantamount to attributing to the Congress a repeal by implication of section 863 of Title 48 U.S.C.A. in violation of the well known rule of construction that repeals by implication are not favored, citing Sec. 538, 58 American Jurisprudence, pp. 542–546.

■ I agree that judicial policy does not favor the repeal of statutes by implication; however, I do not agree with the theory that any repeal, implied or otherwise, of Section 863 of Title 48 is involved here. As stated at the beginning of this opinion, the jurisdiction of this court is twofold. In addition to its diversity jurisdiction defined in Sec. 1332 of Title 28 U.S.C.A., and further limited by the Act of July 25, 1958, said amendment being generally applicable to all the U. S. District Courts which are

defendant may be adjudged to be entitled, and exclusive of interests and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.'

"Sec. 2. That section 1332 of title 28 of the United States Code is amended to read as follows:

" '§ 1332. Diversity of citizenship; amount in controversy, costs

" '(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

" '(1) citizens of different States;

" '(2) citizens of a State, and foreign states or citizens or subjects thereof; and

" '(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.' "

Courts of the United States, and restricted to them, the United States District Court for the District of Puerto Rico has the special, additional jurisdiction, unaffected by the Act of July 25, 1958, which was conferred upon it by section 863 of Title 48 U.S.C.A. complete with its own restrictions and limitations. Section 41 of the Organic Act of 1917, Sec. 863 U.S.C.A. Title 48, which was carried over into the Federal Relations Act—Public Law 600, approved July 3, 1950, 64 Stat. 319 (with deletion of the words "such district court shall have jurisdiction of all cases cognizable in the district courts of the United States, and shall proceed in the same manner", which were redundant in view of sections 119 and 451 of Title 28, cited above) stated this additional jurisdiction as follows:

"Said district court shall have jurisdiction of all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign State or States, or citizens of a State, Territory, or District of the United States not domiciled in Porto Rico, wherein the matter in dispute exceeds, exclusive of interest or cost, the sum or value of $3,000, and of all controversies in which there is a separable controversy involving such jurisdictional amount and in which all of the parties on either side of such separable controversy are citizens or subjects of the character aforesaid. * * *"

In construing the section, the Court of Appeals for the First Circuit, after reviewing the history of the various Acts defining the jurisdiction of this court, came to the conclusion that the Organic Act of 1917

"enlarges the classes of citizenship upon which the diversity jurisdiction of the District Court for Puerto Rico is based, over and above the diversity jurisdiction conferred generally upon district courts of the United States by § 24 of the Judicial Code * * *." Ferrocarriles Del Este v. Bowie, 136 F.2d 527, at page 529.

Thus under this enlarged or additional jurisdiction, not vested in the District Courts by Sec. 1332 of Title 28 U.S.C.A., it was held that this Court had jurisdiction of an action by a Spanish citizen not domiciled in Puerto Rico against a Canadian Corporation wherein the matter in controversy exceeded $3,000. Sanfeliz v. Bank of Nova Scotia, 1 Cir., 74 F.2d 338.

See, also, Porto Rico Ry., Light & Power Co. v. Cognet, 1 Cir., 3 F.2d 21, and Porto Rico Ry., Light & Power Co. v. Mor, 253 U.S. 345, 40 S.Ct. 516, 64 L.Ed. 944. Under section 1332, Federal District Courts have no jurisdiction of suits between aliens, where no federal question is involved. Montalet v. Murray, 4 Cranch 46, 2 L.Ed. 545; Doidge v. Cunard S.S. Co., 1 Cir., 19 F.2d 500; Tsitsinakis v. Simpson, Spence & Young, D.C., 90 F.Supp. 578; Kavourgias v. Nicholaou Co., 9 Cir., 148 F.2d 96, 97. Under section 863, Title 48 U.S.C.A., this Court has such jurisdiction if all of the parties on either side of the controversy are not domiciled in Puerto Rico. Also, under the same section, this Court would have jurisdiction over a controversy between two citizens of the same state, if all of the parties on either side of the controversy were not domiciled in Puerto Rico.

 This special jurisdiction, not vested in other District Courts, was in no wise affected by the Act of July 25, 1958. That statute only purported to amend sections 1331 and 1332 of Title 28 U.S.C.A. and left the special jurisdiction conferred by Title 48 U.S.C.A. § 863 intact, leaving the jurisdictional amount in those cases where other United States District Courts have no jurisdiction, at a sum exceeding $3,000; and in those cases in which all United States District Courts have jurisdiction, as conferred in Sections 1331 and 1332, the jurisdictional amount was raised to $10,000. I must therefore conclude that in any case, either original or on removal, wherein diversity of citizenship is present, as in the case at bar, the basis for jurisdiction is Sec. 1332, Title 28 U.S.C.A., as

amended, and the amount in controversy must exceed $10,000. To put it in other words, if the complaint shows a cause of action cognizable by all Federal District Courts, under 1331 or 1332, the Act of 25 July, 1958, applies; if the action is between aliens not domiciled in Puerto Rico, or American citizens not domiciled in Puerto Rico, the amendatory Act does not apply. As the complaint in the present diversity case is for an amount less than the jurisdictional amount required by the Act of 25 July, 1958, amending Sections 1331 and 1332 of Title 28 U.S.C.A., the case must be remanded to the Court of First Instance of Puerto Rico, San Juan Part.