The COMMONWEALTH OF PUERTO RICO, Represented by Mr. Ramon Garcia Santiago, Chairman of the Planning Board of Puerto Rico, Plaintiff,

v.

Anibal FLORES and Gabriel Canovas, Defendants.

Civ. No. 328-63.

United States District Court
D. Puerto Rico.
March 10, 1964.

Hiram R. Cancio, Atty. Gen., Arturo Estrella, Asst. Atty. Gen. for the Commonwealth of Puerto Rico, Dept. of Justice, San Juan, P. R., for plaintiff.

Federico J. Perez-Almiroty, Santurce, P. R., for defendant, Anibal Flores.

CLEMENTE RUIZ-NAZARIO, Chief Judge.

This action is now before the Court on plaintiff's motion to remand. A hearing thereon was held on which oral and documentary evidence was presented and the parties were granted time to submit simultaneous briefs, which they have already done.

The action was originally filed in the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, and by it the plaintiff, The Commonwealth of Puerto Rico, seeks to enjoin the defendants, permanently, from continuing the use of a certain restaurant described in Par. I thereof and that they be ordered to remove and demolish the structures and signs constructed or installed and described in Pars. 5 and 6 of the complaint allegedly without a permit from the Planning Board of Puerto Rico.

The action was timely removed to this court by the defendant Anibal Flores who invoked several grounds therefor.

For the purpose of this memorandum and order I need only consider the removing defendant's contention that the removability of this action is sanctioned by Sec. 863, Title 48 U.S.C.

From the pleadings and documents filed and the evidence adduced at the hearing on the motion to remand, I am fully satisfied that this is a controversy where all the parties on the defendants side are citizens either of a foreign State (defendant Flores) or of a State of the United States (defendant Canovas, who has not even been summoned yet) and that neither of them is domiciled in Puerto Rico and wherein the matter in dispute exceeds, exclusive of interest or costs, the sum or value of $3,000.00. (From the allegations of the petition for removal this value is in excess of $40,000.00.) People of Puerto Rico v. Livingston (1 Cir. 1931) 47 F.2d 712, cert. den. 284 U.S. 642, 52 S.Ct. 23, 76 L.Ed. 546; Buscaglia v. Bowie (1 Cir. 1943) 139 F.2d 294; People of Puerto Rico v. Eastern Sugar Associates (1 Cir. 1946) 156 F.2d 316, cert. den. 329 U.S. 772, 67 S.Ct. 190, 91 L.Ed. 664.

The above cases were decided prior to Commonwealth status, but this status has not affected the legal situation as regards the jurisdiction of this court under Sec. 863, Title 48 U.S.C. See: Penagaricano v. Allen Corporation (1 Cir. 1959) 267 F.2d 550; Firpi v. Pan American World Airways Inc. (D.C.P.R.1959) 175 F.Supp. 188.

Therefore, defendant was entitled to remove the action to this Court under Sec. 863, Title 48 U.S.C. and plaintiff's motion to remand must be, as it is hereby ordered denied.