**COMPAGNIE NATIONALE AIR FRANCE d/b/a Air France, Defendant, Appellant,**

v.

**Cesar Luis CASTANO et al., Plaintiffs, Appellees.**

**No. 6560.**

United States Court of Appeals First Circuit.

Heard Feb. 7, 1966.

Decided March 21, 1966.

12. We make no comment on whether we would agree with the courts' appraisals of the evidence in these cases.

William J. Junkerman, New York City, with whom Carroll E. Dubuc and Haight, Gardner, Poor & Havens, New York City, were on brief, for appellant.

C. A. Romero Barcelo, San Juan, P. R., with whom Segurola, Romero & Toledo, San Juan, P. R., was on brief, for appellees.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an action brought in the District Court for the District of Puerto Rico against an air carrier by, or on behalf of, three passengers, and a relative of the three who financed the trip,[1] charging breach of contract, or tort, in failing to advise them that the three passengers needed visas in order to enter Spain, the country of their final destination. As a result of this failure the passengers were forced to return to an intermediate point, Paris, and subsequently decided to abandon their trip. The jury found for the plaintiffs, and defendant appeals, asserting various errors entitling it to a new trial.

■ The complaint places jurisdiction under 28 U.S.C. § 1332. Although no one questioned the jurisdiction, it must be this court's first concern, sua sponte, to inquire whether the parties have the proper status, Clark v. Paul Gray, Inc., 1938, 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Diez v. Green, 1 Cir., 1920, 266 F. 890, and whether any requisite jurisdictional amount is present. Security Mutual Life Ins. Co. v. Harwood, 1 Cir., 1926, 16 F.2d 250. These matters being less than self-evident, we invited briefs.

■ Plaintiffs now, properly, concede that jurisdiction cannot be founded upon 28 U.S.C. § 1332, for two reasons. All the plaintiffs and the defendant are aliens, plaintiffs being Cubans, and the defendant, Compagnie Nationale Air France, a French corporation. The United States citizenship required of one party, or set of parties, by section 1332 is absent. Furthermore, the existence of a claim in excess of $10,000 is demonstrably absent, it being uncontested, cf. Seth v. B.O.A.C., 1 Cir., 1964, 329 F.2d 302, cert. den. 379 U.S. 858, 85 S.Ct. 114, 13 L.Ed.2d 61, that the ticket or contract upon which each plaintiff's case depends contains the usual Warsaw Convention provision limiting liability to $8,300.

■ Plaintiffs therefore seek to place jurisdiction upon 48 U.S.C. § 863, which relates solely to the jurisdiction of the District Court for the District of Puerto Rico, under which statute the jurisdictional amount remains at $3,000.[2] The pertinent portion extends jurisdiction to,

"all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign State or States, or citizens of a State, Territory, or District of the United States not domiciled in Puerto Rico * * *."

The qualification "not domiciled * *" applies to all listed categories. Porto

---

1. This relative, Doctora Castano, was the daughter of two of the passengers, and the mother of the third, a minor, for whom she sues as guardian.

2. Some matters regarding the establishment, and jurisdiction, of the District Court for the District of Puerto Rico were integrated into Title 28 of the United States Code when that title was enacted into positive law in 1948. 28 U.S.C. § 119, 62 Stat. 889. Other matters, including that presently under discussion, were expressly not integrated. 62 Stat. 989. When the jurisdictional amount appearing in Title 28 was raised in 1958, 72 Stat. 415, the jurisdictional amount remaining in Title 48 was not.

Rico Ry., Light & Power Co. v. Mor, 1920, 253 U.S. 345, 40 S.Ct. 516, 64 L.Ed. 944.

Thus, to abbreviate, the statute lists two categories, (1) aliens not domiciled in Puerto Rico, and (2) United States (and Puerto Rico) citizens not domiciled in Puerto Rico. In the case at bar plaintiffs are described as "residents" of Puerto Rico, which, at least in the absence of evidence to the contrary, we construe to mean domiciled. Ennis v. Smith, 1852, 55 U.S. (14 How.) 400, 421–424, 14 L.Ed. 472; Fort Knox Transit v. Humphrey, 6 Cir., 1945, 151 F.2d 602; Diez v. Green, supra. On the other hand, Air France is a foreign corporation doing business, but not shown to have a principal place of business, in Puerto Rico. We may take, in this particular instance, judicial notice that it has none.

Accordingly, we have on one side of the controversy aliens domiciled in Puerto Rico, and on the other an alien not domiciled. Hence the question is, does "either side" mean just one side, or both sides. More exactly, the question must be, does the statute require, as distinguished from permit, both sides to be in the listed categories. It would seem reasonably clear if both sides fall within statutory categories that the court would have jurisdiction. It does not follow, if only one did, that jurisdiction would be lacking.

An implied answer to this question is to be found in Porto Rico Ry., Light & Power Co. v. Mor, supra. There, on one side, was a local corporation, a non-category, and on the other an alien domiciled in Puerto Rico. The court analyzed the structure of the statute at some length, concluding that the statutory phrase "not domiciled in Porto Rico" applied to aliens, and held there to be no jurisdiction where neither party fell within the statute. If the court had thought that both parties were obliged to come within the statutory categories, the analysis it made would have been unneeded.

The assumption the court apparently made seems the proper interpretation. If Congress wished to extend federal jurisdiction to a particular class, no reason suggests itself why the favored parties should have to be on both sides of the case. This is the policy underlying section 1332, the more general statute. Furthermore, this interpretation is consistent with the prior law. The origins of the present provision go back to section 34 of the Foraker Act, as amended by the Act of March 2, 1901, ch. 812, § 3, 31 Stat. 953. That amendment read:

"That the jurisdiction of the district court of the United States for Porto Rico in civil cases shall, in addition to that conferred by the Act of April twelfth, nineteen hundred, extend to and embrace controversies where the parties, *or either of them,* are citizens of the United States, or citizens or subjects of a foreign State or States * * *." (Ital. suppl.)

As the court said in Silverman v. New York Life Ins. Co., 1944, 317 Mass. 101, 104, 57 N.E.2d 11, 13, "[I]t is unsafe to try to construe a statute without tracing its history." We find nothing in the history to suggest that a major change was considered in this particular.[3] Madruga v. Superior Court, 1954, 346 U.S. 556, 560 n. 12, 74 S.Ct. 298, 98 L.Ed. 290.

This does not resolve the problems of all of the plaintiffs. Clark v. Paul Gray, Inc., supra, 306 U.S. at 589, 59 S.Ct. 744. Doctora Castano, whose personal claim is limited to the price of the tickets, see fn. 1, supra, plus the loss of a suitcase, cannot establish even the lower jurisdictional amount. In all frankness we would have thought that there could be no bona fide claim for the disappointment suffered by the

---

3. We do not pause to consider to what extent this decision casts an unfavorable light upon the reasoning, if not the decision, of the district court in Firpi v. Pan American World Airways, Inc., D.C. P.R., 1959, 175 F.Supp. 188.

208

seven-year-old child, who was "unhappy" as a result of not reaching Spain, in any amount approaching even $3,000. However, a jury having found this exact figure, we will not so conclude, although we express the view that it was clearly excessive.

■■■ Turning more precisely to the merits, defendant filed no motion for directed verdict and does not contend that there was not some evidence warranting a finding of liability. It does complain of the admission of three letters written by its local representatives to one of the plaintiffs, introduced as alleged admissions. This complaint is well taken. The letters by the agent to the effect that he was endeavoring to get the claim recognized, and his further letter that he had succeeded, no matter how exuberantly expressed, did not constitute an admission of liability when his success was an offer by the defendant substantially less than the demand. This offer could not be considered, in substance, as anything more than an offer of compromise. Hence it should not have been admitted.[4] Southern Ry. v. Madden, 4 Cir., 1956, 235 F.2d 198, cert. den. 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244; Rodriguez v. Great Am. Indem. Co., 63 P.R.R. 582 (1944).

■■■ In connection with the remand we will speak further to defendant's points on damages. All the "moral damages," as they are termed in Puerto Rico, awarded for mental suffering occasioned by the plaintiffs' failure to reach Spain, seem to us extraordinarily large. Very possibly the jury was inflamed by the emotional claim made on behalf of one of the passengers who, unbeknownst to the defendant, was suffering from cancer, and died a year later allegedly think-ing bitter thoughts because he had been deprived of his only opportunity for a trip to his homeland. Quite apart from the fact that this evidence may have been overplayed, defendant contends that the fact that such circumstances occurred should not have been permitted to go to the jury at all, because it was not reasonably foreseeable. Since there must be a new trial, and this matter is likely to come up again, we will deal with it. In so doing we attempt to consider Puerto Rico law, only, recognizing that elsewhere the decision might be different.

■■■ Only reasonably foreseeable damages are recoverable for breach of contract. Camache v. Catholic Church, 1951, 72 P.R.R. 332; Gonzalez v. Danner-miller Coffee Co., 1935, 48 P.R.R. 590. Plaintiffs claim that, alternatively, there was some sort of tort. The Puerto Rico statute[5] is not necessarily limited to common law torts, cf. First National City Bank v. Gonzalez, 1 Cir., 1961, 293 F.2d 919, and, in particular, the Puerto Rico concept of moral damages is not the common law's. See, e. g., Rivera v. Rossi, 1945, 64 P.R.R. 683; Perez v. Vazquez-tell, No. 443, Sept. 28, 1962 (not yet officially reported in English) (children for injury to parent); Merced v. Government of the Capital of Puerto Rico, 1962, 85 P.R.R. 530 (parents for injury to child); Infante v. Leith, 1962, 85 P.R.R. 23 (owners for injury to dog); Concepcion v. Water Resources Authority, No. 189, June 7, 1965 (not yet officially reported) (no impact needed). Even at common law, however, the negligent performance of even gratuitous undertakings may give rise to a tort. Brown v. T. W. Phillips Gas & Oil Co., 3 Cir., 1952, 195 F.2d 643; Erie R. Co. v. Stewart, 6 Cir., 1930, 40 F.2d 855, cert. den.

4. Plaintiffs' contention in this court that the letters were admissible on the issue of "obstinacy," justifying the awarding of counsel fees, is not well taken. Even if they were relevant on that matter, which we do not consider, one of the important purposes of having obstinacy tried to the court, instead of to the jury, Pan American World Airways, Inc. v. Ramos, 1 Cir., 1966, 357 F.2d 341, is that evidence which is irrelevant and prejudicial so far as the merits of the case are concerned, should be kept from the jury.

5. "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. * * *" 31 L.P. R.A. § 5141.

282 U.S. 843, 51 S.Ct. 34, 75 L.Ed. 748. At common law, although cases to the contrary may be found,[6] the majority rule, adopted by the Restatement, appears to be that recovery for either a negligent gratuitous undertaking or a negligent misrepresentation may be had for physical injury only. Restatement (Second), Torts §§ 311, 323, & 497 (1965). But even here there is a recognized exception, where there has been "professional" negligence. Gediman v. Anheuser Busch, Inc., 2 Cir., 1962, 299 F.2d 537; Restatement, Torts § 552 (1938). We feel that the Puerto Rico court would, if anything, expand this exception, and hold where there was evidence that the defendant, as an inducement to plaintiffs to purchase passage, had held itself out as a tourist or travel agency, and had negligently failed to provide the information that plaintiffs had reasonably been led to expect, that damages for negligence would include not only physical injury, but proximate, though unforeseeable, injury of any sort. Therefore, without suggesting that the rule would be the same elsewhere, we hold that the unforeseen suffering occasioned by defendant's failure to perform of the type here claimed can be compensated. We do suggest, however, that there was a substantial factual issue whether this damage was proximate, and whether the plaintiff or plaintiffs reasonably attempted to mitigate the damages.

Judgment will be entered reversing the judgment in favor of plaintiff Doctora Castano and dismissing the action brought by her for lack of jurisdiction; the verdicts as to the other plaintiffs and the judgments thereon vacated, and their actions remanded for a new trial not inconsistent with this opinion.

---

**6.** Hyde v. Moffat, 1844, 16 Vt. 271, seemingly restricted to cases of corrupt motives in Jobidon v. Lussier, 1964, 124 Vt. 242, 204 A.2d 88; Stockmen's Nat. Bank v. Richardson, 1933, 45 Wyo. 306, 18 P.2d 635 (undertakings); Weston v. Brown, 1925, 82 N.H. 157, 131 A. 141; cf. International Products Co. v. Erie R.

R. Co., 1927, 244 N.Y. 331, 155 N.E. 662, 56 A.L.R. 1377, cert. den. 275 U.S. 527, 48 S.Ct. 20, 72 L.Ed. 408 (negligent misrepresentation). Under the older rule, negligent misrepresentation is to be distinguished from deceit, which requires at least a modicum of scienter.