**Francis R. RITCHIE, Trustee, Plaintiff, Appellant,**

v.

**HEFTLER CONSTRUCTION COMPANY OF PUERTO RICO, INC., Defendant, Appellee.**

No. 6724.

United States Court of Appeals
First Circuit.

Oct. 3, 1966.

---

William Boardman Graves, of Parke, Graves & Rodriguez-Maduro, Santurce, P. R., on brief, for appellant.

J. M. Calderon Cerecedo, Hato Rey, P. R., J. M. Calderon Garcia, Christobal Colon, Hato Rey, P. R., and Francisco Alonso Rivera, on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE . and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This case focuses again upon the comprehensive nature of the jurisdiction of the United States District Court for the District of Puerto Rico which we recently considered in Compagnie Nationale Air France v. Castano, 1 Cir., 1966, 358 F.2d 203. We held there that an alien resident, domiciled in Puerto Rico, could sue another alien, not there domiciled, by virtue of the provisions of 48 U.S.C. § 863. We noted, in passing, that the amendment to section 1332 of Title 28 increasing the general jurisdictional amount to $10,000 had no effect upon the $3,000 minimum contained in section 863. In the case at bar the district court held that it lacked jurisdiction over a suit brought by the trustee in bankruptcy (a local resident) of a Puerto Rican corporation whose principal place of business was in Puerto Rico, against a New Jersey corporation, whose principal place of business was also in Puerto Rico. The court's statement that "as all of the parties on both sides of the controversy have their principal place of business in the Commonwealth of Puerto Rico and thus no one of them is domiciled elsewhere, this court's jurisdiction under Title 48 U.S.C. Sec. 863 * * * does not exist," improperly equates principal

**360**

place of business with domicile. Section 863 does not effect such a correlation; the common law has never done it,[1] and the recent Congressional amendment of 28 U.S.C. § 1332(c) redefining corporate citizenship for diversity purposes, like the increase in the jurisdictional amount, was not made applicable to the special Puerto Rico statute.

It may be that in the present social and political development of Puerto Rico,[2] the extent of the diversity jurisdiction of the district court should be reconsidered. However, this is a legislative, not a judicial function. The court misread the statute.

█ The district court also misread the recent Supreme Court decision in Katchen v. Landy, 1966, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391. In that case the Supreme Court held that where a creditor filed a claim in a bankruptcy proceeding and was met by the defense that it involved a preference, the bankruptcy court's summary jurisdiction to determine the validity of the claim, and to determine the attendant issue of preference, permitted it to make a disposition of the latter question for all purposes including the grant of affirmative power to compel the surrender of the preference. "Once the bankruptcy court has dealt with the preference issue nothing remains for adjudication in a plenary suit. The normal rules of *res judicata* and collateral estoppel apply to the decisions of bankruptcy courts." Id. at 334, 86 S.Ct. at 475. We find nothing in the Court's language indicating the broad intention ascribed to it by the district court that a creditor who files a claim in a bankruptcy proceeding so submits himself to the jurisdiction of that court that the trustee is foreclosed from bringing plenary actions against him on another matter within the general jurisdiction of the district court. The Court expressly declined to intimate whether the filing of a claim submitted the claimant to the jurisdiction of the bankruptcy court "to adjudicate * * * [another] demand by the trustee for affirmative relief * * *." Id. at 333 n. 9, 86 S.Ct. at 474.

Section 23(b) of the Bankruptcy Act[3] provides: "Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except * * *." (The exceptions are not here relevant.) It is true that several circuits have applied this section to permit the bankruptcy court to adjudicate and grant affirmative relief on counterclaims by the trustee arising out of the same contract that formed the basis of the alleged creditor's claim in the bankruptcy proceedings, treating the filing of the claim as itself supplying the requisite consent. See, e. g., Peters v. Lines, 9 Cir., 1960, 275 F.2d 919. Assuming this to be correct, it hardly furnishes support for the proposition that the filing of a creditor's claim restricts the trustee to the bankruptcy court for counterclaims, let alone new matters, foreclosing his election to proceed in a court where he could obtain a plenary hearing and trial by jury. We see no ground or reason for so limiting a trustee's choice of forum.

Judgment will be entered vacating the judgment of dismissal entered by the district court and remanding the action to the court for further proceedings not inconsistent herewith.

---

1. See, e.g., Mississippi Pub. Corp. v. Murphree, 1946, 326 U.S. 438, 441 n. 2, 66 S.Ct. 242, 90 L.Ed. 185.

2. See also P.L. 89–571, September 12, 1966, 80 Stat. 764.

3. 11 U.S.C. § 46(b).