**Carlos J. LAVERGNE, Plaintiff,**

v.

**UNITED STATES CASUALTY CO., Defendant.**

**Civ. No. 311–66.**

United States District Court
D. Puerto Rico.

Oct. 13, 1966.

Harvey B. Nachman, San Juan, P. R., for plaintiff.

Alberto Pico, San Juan, P. R., for defendant.

ORDER

CANCIO, District Judge.

This case is now before the Court on Defendant's motion to dismiss the cause for lack of jurisdiction. Defendant's argument rests essentially on the point that there is no diversity of citizenship and that both Plaintiff and Defendant are domiciliaries of Puerto Rico.

The action in the case at bar is brought under 48 U.S.C.A. § 863. It is a direct action by Plaintiff against an insurance

company incorporated under the laws of Connecticut, with its principal place of business outside the Commonwealth of Puerto Rico.

Defendant alleges that its insured, Valencia Baxt, Express, Inc., is a corporation organized under the laws of Puerto Rico and a citizen of Puerto Rico. Defendant then suggests that it should be deemed a citizen of Puerto Rico under the provisions of 28 U.S.C.A. § 1332. Should Defendant prevail in its contention, then there would be no diversity of citizenship and jurisdiction would not exist in this Court.

The correctness of Defendant's position lies in whether or not the Congress of the United States, in amending 28 U.S.C.A. § 1332, by making the citizenship of a defendant insurance corporation the same as that of the person whom it insured, also amended 48 U.S.C.A. § 863 and thus precluded the use of the direct action statute in this jurisdiction.

28 U.S.C.A. § 1332(c) reads as follows:

> For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: Provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

It may be noted at the outset that the paragraph of the law referred to, starts out by saying: "For the purposes of this section and section 1441 of this title, * * *." Thus, it would seem from the face of the statute that there was no intention to amend 48 U.S.C.A. § 863. However, Defendant argues that it was the intention of Congress to issue a mandate to all United States District Courts on this question of suits under the direct action statute of a State; that this Court should hold that 28 U.S.C.A. § 1332 establishes general principles applicable to the entire diversity jurisdiction of this Court; and, that the provisions of 48 U.S.C.A. § 863 are subordinate to the general jurisdiction of this Court as a United States District Court.

As Defendant very well points out in his brief regarding this motion, it is clear from the legislative history of this amendment that Congress was concerned with the overload of direct action cases in the jurisdictions of Louisiana and Wisconsin. There is no mention whatever of Puerto Rico. Nevertheless, in enacting the amendment, it was made as an amendment to the general jurisdiction of the United States District Courts. There can be no doubt whatsoever that as far as the general jurisdiction of the United State District Court for the District of Puerto Rico is concerned, the amendment, now 28 U.S.C.A. § 1332, is in full force and effect.

However, unlike the United States District Courts of the several States, and in a somewhat similar fashion to the United States District Courts of the various Territories, the Commonwealth United States District Court for the District of Puerto Rico has, "in addition to its other jurisdiction", certain additional jurisdiction which makes it different from other United States District Courts. 48 U.S.C.A. § 863. Cfr. 48 U.S.C.A. § 1612 (Virgin Islands); 48 U.S.C.A. § 1424 (Guam); 48 U.S.C.A. § 644a (Hawaii, in relation to Midway, Wake, Johnston, Kure, Baker, etc. Islands).

There is nothing in the amendment to 28 U.S.C.A. § 1332 nor in its legislative history which indicates expressly or implicitly that Congress had the intention of extending the provision to affect the jurisdiction of the United States District Court for the District of Puerto Rico.

Ever since its creation under the Foraker Act (Organic Act of 1900), 31 Stat. 84, the federal court for Puerto Rico has

been characterized as having a special jurisdiction in addition to its ordinary jurisdiction. This characteristic has not been changed under the subsequent Jones Act (Organic Act of 1917), 39 Stat. 965, nor in the later Federal Relations Act of 1952 (64 Stat. 319).[1]

In addition to its diversity jurisdiction as defined in 28 U.S.C.A. § 1332, and as this was further limited by the amendment here in question, the United States District Court for the District of Puerto Rico has additional jurisdiction under 48 U.S.C.A. § 863, which is unaffected by 28 U.S.C.A. § 1332(c). Firpi v. Pan American World Airways, Inc., D.C., 175 F.Supp. 188. The amendment to 28 U.S.C.A. § 1332 by its very terms is applicable only to 28 U.S.C.A. §§ 1332 and 1441. Therefore, any attempt to extend the amendment to 48 U.S.C.A. § 863 must be accompanied by strong evidence of congressional intent to that effect. That is not present here.

The United States District Court for the District of Puerto Rico was created by Congress pursuant to the powers granted to it by the Constitution of the United States under Article IV, Section 3, Paragraph 2. See Munoz v. Porto Rico Ry. Light & Power Co., 1st Cir., 1936, 83 F.2d 262. When Congress enacted title 28 of the United States Code in 1948, it decided to bring the federal district courts, which had been established by the territorial organic acts in Hawaii and Puerto Rico, fully into the federal judicial system. In the case of Puerto Rico, this was done through the enactment of 28 U.S.C.A. § 119.[2] In this manner, the District of Puerto Rico was constituted into a judicial district on a parity with the federal judicial districts in the States. Miranda v. United States, 1st Cir., 1958, 255 F.2d 9. In so doing, there is not the slightest indication by Congress of any intent to deprive the District of Puerto Rico of any of its additional jurisdiction which it had theretofore been exercising. On the contrary, it has been the practice, and this practice has been sanctioned by the Court of Appeals, to continue to entertain such cases as may arise under the special jurisdiction granted under 48 U.S.C.A. § 863. Cfr. Firpi v. Pan American World Airways, Inc., D.C., 1959, 175 F.Supp. 188; Compagnie Nationale Air France v. Castaño, 1st Cir., 1966, 358 F.2d 203.

■ In view of the foregoing, can this Court hold that Congress amended 48 U.S.C.A. § 863 *sub silentio* and that therefore this Court is without jurisdiction to entertain the case at bar? Judicial policy does not favor the repeal of statutes by implication. Where a general policy of government has been well established by statutes and recognized in court decisions, "a clear expression of the intention of Congress" is required to justify a repeal. Ex parte Crow Dog, 1883, 109 U.S. 556, 3 S.Ct. 396, 27 L.Ed. 1030. On the other hand, we do not agree that the repeal, implied or otherwise, of 48 U.S.C.A. § 863 is actually involved here. This should be clear from the nature of the law involved.[3]

The law embodied in 28 U.S.C.A. § 1332 is of a general nature. It affects the jurisdiction of United States District Courts in general. Yet, as we mentioned above, there are several United States District Courts which have special jurisdictions attached to them under particular laws to that effect: 48 U.S.C.A. § 863 is such a particular law.

■■ Could it be said that since 1332 (c) is a later statute it should be understood that it repeals 48 U.S.C.A. § 863? It is a canon of statutory construction that a later statute will repeal an earlier

---

1. The Federal Relations Act contains those portions of the previous Organic Act of 1917 as amended that the Congress and the People of Puerto Rico agreed, by compact, that should remain in effect.

2. Puerto Rico constitutes one judicial district.

Court shall be held at Mayaguez, Ponce and San Juan. June 25, 1948, c. 646, 62 Stat. 889.

3. This does not mean that there may not be repeals by implication; it means only that congressional intent must clearly show that purpose.

statute of the same category which is inconsistent with it. It is also a canon of statutory construction that a later statute, general in its terms and not expressly repealing a prior particular statute, will ordinarily not affect the provisions of the earlier statute. Rodgers v. United States, 1902, 185 U.S. 83, 22 S.Ct. 582, 46 L.Ed. 816; Commissioner of Internal Revenue v. Rivera's Estate, 2d Cir., 1954, 214 F.2d 60. It is well to note at this point that 48 U.S.C.A. § 863 does not deal specifically with the citizenship of the parties. This statute is concerned with *domicile*. Therefore, if all of the parties on at least one side of the controversy are not *domiciled* in Puerto Rico, and the amount in controversy is in excess of $3,000.00, this Court will have jurisdiction, irrespective of citizenship, provided the requirement of domicile under 48 U.S.C.A. § 863 is met. Compagnie Nationale Air France v. Castano, 1st Cir., 1966, 358 F.2d 203; Huntley Corporation of Puerto Rico v. United States Casualty Co. and Great American Insurance Company, order dated July 8, 1966, Civil No. 216–66.

■ Defendant suggests that the failure by the Congress of the United States to amend 48 U.S.C.A. § 863 at the same time that it amended 28 U.S.C.A. §§ 1332 and 1441, was an oversight. Congress is presumed to know its own laws. Therefore, a later general statute will not be held to repeal an earlier specific statute unless it says or implies so clearly. Furthermore, a later general statute does not supersede a specific statute in the absence of a definite intention. United States v. Hawkins, 9th Cir., 1956, 228 F.2d 517, 16 Alaska 36; Stewart v. United States, 9th Cir., 1939, 106 F.2d 405; Baltimore & Ohio R. Co. v. Chicago River & I. R. Co., 7th Cir., 170 F.2d 654.

■ Although our preference would be otherwise, we come to the conclusion that the amendment of 28 U.S.C.A. § 1332 to the effect that:

> * * * in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

does not affect or amend in any manner the additional jurisdiction granted to the United States District Court for the District of Puerto Rico by 48 U.S.C.A. § 863.[4]

This Court does not pass on the effect that the amendment may or may not have had on the removal of these cases which have been commenced in the Courts of the Commonwealth.

In view of the foregoing, it is ordered, adjudged and decreed that Defendant's motion to dismiss the complaint be, and hereby is, denied.

---

4. * * * Said district court shall have jurisdiction of all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign State or States, or citizens of a State, Territory, or District of the United States not domiciled in Puerto Rico, wherein the matter in dispute exceeds, exclusive of interest or cost, the sum or value of $3,000, and of all controversies in which there is a separable controversy involving such jurisdictional amount and in which all of the parties on either side of such separable controversy are citizens or subjects of the character aforesaid. * * *