**LUCE & COMPANY, S. en C., Plaintiff,**

v.

**ALIMENTOS BORINQUEÑOS, S. A. and
Libby, McNeill & Libby, Defendants.**

**Civ. A. No. 612–67.**

United States District Court
D. Puerto Rico.

Nov. 3, 1967.

Baragaño, Trias, Saldaña & Harris,
Arturo Estrella, San Juan, P. R., for
plaintiff.

Ruben Rodriguez Antongiorgi, San
Juan, P. R., for defendants.

## ORDER

CANCIO, Chief Judge.

This case raises the question reserved
by this Court in Lavergne v. United
States Casualty Co., D.C., 259 F.Supp.
425 (1966) concerning the effect, if any,
that the 1958 amendments to the general
diversity statutes, 28 U.S.C. §§ 1332,
1441 may have had on the removal of
cases commenced in the courts of the
Commonwealth of Puerto Rico pursuant
to the special "additional jurisdiction"
of this Court provided in 48 U.S.C. §§
863, 864.

The plaintiff, a civil law partner-
ship ("Sociedad en Comandita") [1] filed
this civil action in the Superior Court

---

1. A civil law partnership ("Sociedad en
Comandita") is deemed a citizen of the
place of its organization for diversity ju-
risdiction purposes. People of Puerto

Rico v. Russel and Company, Sucesones,
288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903
(1933).

of Puerto Rico, Ponce Section, against two defendant corporations, a Delaware corporation with its principal place of business in Puerto Rico, and a Maine Corporation with its principal place of business in the state of Illinois.

A petition for removal to this Court was timely filed by both defendants grounded on the "additional jurisdiction" of this Court provided in Section 863, Title 48, U.S.C. A motion to remand was filed by the plaintiff. The matter was fully argued by the parties on October 6, 1967 and memoranda of law have been filed.

Since admittedly one of the defendant corporations has its principal place of business in Puerto Rico, removal would fail if the amendment to 28 U.S.C. § 1332(c) making the state of incorporation and of the principal place of business determinative of the corporate citizenship for diversity jurisdiction purposes, has any effect on the removal jurisdiction provided by 48 U.S.C. §§ 863 and 864.

For the reasons hereinafter given, I hold that the 1958 amendment redefining corporate citizenship has no effect on the removal of such cases.

Doubts regarding the scope of the special diversity jurisdiction of this Court, in view of the 1958 amendments to the general diversity statutes, stem from the decision in Firpi v. Pan American World Airways, D.C., 175 F.Supp. 188 (1959) wherein this Court held that henceforth the Title 48 "additional jurisdiction" was limited to the jurisdiction not provided by the Title 28 general diversity statute. The precise point was considered by the Court of Appeals in Ritchie v. Heftler Construction Co. of Puerto Rico, Inc., 1 Cir., 367 F.2d 358 (1966). See also Compagnie Nationale Air France D/B/A Air France v. Castaño, 1 Cir., 358 F.2d 203 (1966). *Ritchie* squarely holds that * * * "the recent Congressional amendment of 28 U.S.C. 1332(c) redefining corporate citizenship for diversity purposes, like the increase in the jurisdictional amount, was not made applicable to the special Puerto Rican statute".

Ten days prior to the decision in the *Ritchie* case this Court reached a similar result in the *Lavergne* case holding that the amendment to Section 1332, Title 28 making the citizenship of a defendant insurance corporation the same as that of the insured had no effect on the Title 48 jurisdiction of this Court.

While admitting that in view of the *Ritchie* and *Lavergne* cases the plaintiff could have commenced its action in this Court, plaintiff argues that the rule should be otherwise as regards removal of such cases because Section 864 controls removal under Title 48 and the amendment to 28 U.S.C. § 1332(c) should be deemed applicable to removal of such cases although not to cases commenced in this Court under the same special jurisdiction statute. It is true that Section 864 incorporates by reference the procedural mechanics for the removal of an action as contemplated by 28 U.S.C. § 1441. This point, however, loses significance in view of the *Ritchie* decision. We read that decision as holding unqualifiedly that the amendments to the Title 28 general diversity statute have no effect on the Title 48 jurisdiction of this Court. We believe that the Court of Appeals in *Ritchie* removed any doubts concerning this point resulting from the *Firpi* decision.

 We find no persuasive reasons to hold that a different rule should prevail when plaintiffs choose to commence their actions in the courts of the Commonwealth. While it is true that on occasions removal jurisdiction may be narrower than original jurisdiction, this is so only in cases where there has been a clear Congressional enactment to that effect. The generally accepted principle is that removal jurisdiction is geared to original jurisdiction. Freeman v. Bee Machine Co. (1943) 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509; Díaz v. Montaner Y Lizama, D.C., 248 F.Supp. 153, Moore's "Federal Practice" Vol. IA Section 0.157 [5] pages 251–257. As pointed out in *Lavergne*, there is no basis to hold that Congress intended an amendment to the Title 48 jurisdiction sub

silentio. Likewise, there is no basis to impute to Congress the intention to have different rules regarding such jurisdiction depending upon whether or not a plaintiff initiates his action in the courts of the Commonwealth.

In view of the foregoing, it is ordered, adjudged and decreed that plaintiff's motion to remand be, and hereby is, denied.