**Rafael A. MARICHAL, per se and as Administrator of the Conjugal Partnership constituted by him and his wife, Alicia Lloveras, Plaintiff,**

v.

**CONSOLIDATED MUTUAL INSURANCE COMPANY, Defendant.**

**Civ. No. 730-67.**

United States District Court
D. Puerto Rico.

March 14, 1968.

Pieras & Martin, San Juan, P. R., for plaintiff.

Irwin Zemen, San Juan, P. R., for defendant.

MEMORANDUM AND ORDER

CANCIO, District Judge.

This case is now before the Court on defendant's motion to dismiss the complaint for lack of jurisdiction filed on October 30, 1967. The parties argued before this Court on November 17, 1967 and memorandums of law were filed regarding the issue of whether or not this Court has jurisdiction to entertain this case, under Title 48 U.S.C.A. § 863.

A brief exposition of the facts which govern this case must necessarily follow before reaching the controlling jurisdictional question.

It appears from the complaint that the plaintiffs are residents of the Commonwealth of Puerto Rico and being married to each other, constitute a conjugal partnership on whose behalf the husband, Rafael A. Marichal, instituted this suit. Jurisdiction of this Court is invoked under Section 41 of the Puerto Rican Federal Relations Act and under Title 48 U.S.C.A. Section 863.

The defendant in this case is the insurer of the San Juan Hotel Corporation which is a corporation doing business within the Commonwealth of Puerto Rico and owns a hotel known as Hotel San Juan, which is engaged in the regular hotel business.

The plaintiff claims that on October 28, 1966 while he was a guest of the Hotel using its facilities and, in particular, those banquet facilities provided for persons attending a banquet sponsored by the Chamber of Commerce of Puerto Rico, was caused to fall down from a platform placed by the Hotel for the sitting of guests. He further claims that as a direct result of the aforesaid accident, he has been damaged in the sum of fifty thousand dollars and has been obligated to undergo hospital and medical care with a cost exceeding $1,000. The wife, co-plaintiff, also claims damages of ten thousand dollars due to the great mental anguish which she suffered as a result of her husband's injuries.

It is significant that in the case at bar a direct action against the insurer has been undertaken by the plaintiff pursuant to Section 20.030 of the Insurance Code of Puerto Rico, 26 L.P.R.A. § 2003.

We must now turn to an examination of defendant's motion to dismiss for lack of jurisdiction.

In substance, the arguments raised by the defendant are as follows:

1. That the jurisdiction of this Court is invoked by plaintiff under Section 1332 of Title 28 U.S.C.A.

2. That the plaintiffs are residents of the Commonwealth of Puerto Rico.

3. That this is a direct action brought against the defendant as liability insurer of Hotel San Juan, Inc., a Puerto Rican corporation.

4. That pursuant to Section 1332, as amended, regarding corporate citizenship in a direct action, as is the one before the Court, the defendant must be considered to be a citizen of the Common-wealth of Puerto Rico, and in the absence of diversity of citizenship, the complaint must be dismissed.

First of all, let us state that defendant's arguments are erroneous according to the cases decided previously by this Court and that his motion to dismiss must be denied in all respects. Let us make an examination of defendant's arguments.

According to the complaint filed in this case, the jurisdiction of the Court is not invoked solely under Section 1332 of Title 28 U.S.C.A., but also and in the alternative, under Section 863 of Title 48 and under Section 41 of the Puerto Rican Federal Relations Act.

It is an established fact that plaintiffs are residents of the Commonwealth of Puerto Rico and that this is a direct action brought against the defendant as liability insurer of Hotel San Juan, Inc., a Puerto Rican corporation, under Title 26 L.P.R.A. Section 2003.

The Court deems it proper that Section 1332, as amended, be reproduced since, as stated before, defendant's motion to dismiss rests upon the amendment made to this Section and to the applicability of such amendment, if any, to Section 863.

The amendment of 28 U.S.C.A. § 1332 reads as follows:

In any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

Now, we meet the controlling issue squarely; namely, whether Congress, in amending Section 1332 of Title 28 U.S.C.A., also amended, or had the intention to amend Section 863 of Title 48 U.S.C.A.

If the answer to this question is in the affirmative, this Court must then obviously conclude that it lacks jurisdiction

since the requisite of diversity of citizenship has not been met, being both the plaintiffs and the defendant's insurer citizens of the Commonwealth of Puerto Rico. But we conclude the opposite, that is, we find that Congress, in amending Title 28, Section 1332, did not nor did it have the intention to amend also 48 U.S.C.A. § 863.

The Court deems proper at this point to reproduce Section 863 of Title 48 U.S.C.A., which defendant claims was amended by the Act of July 25, 1958, 72 Stat. 415.

> 863—District court; additional jurisdiction; payment of salaries and expenses; vacancies
>
> The United States District Court for the District of Puerto Rico shall, in addition to its other jurisdiction, have jurisdiction for the naturalization of aliens and Puerto Ricans, and, for this purpose, residence in Puerto Rico shall be counted in the same manner as residence elsewhere in the United States. Said district court shall have jurisdiction of all controversies where all the parties on either side of the controversy are citizens or subjects of a foreign State or States, or citizens of a State, Territory, or District of the United States not domiciled in Puerto Rico, wherein the matter in dispute exceeds, exclusive of interest or cost, the sum or value of $3,000, and of all controversies in which there is a separable controversy involving such jurisdictional amount and in which all of the parties on either side of such separable controversy are citizens or subjects of the character aforesaid.
> * * *

In the case of Firpi v. Pan American World Airways, D.C., 175 F.Supp. 188, Chief Judge Clemente Ruiz Nazario categorically stated, in reference to Section 863:

> This special jurisdiction, not vested in other district courts, was in no wise affected by the Act of July 25, 1958. That statute only purported to amend

sections 1331 and 1332 of Title 28 U.S.C.A. and left the special jurisdiction conferred by Title 48 U.S.C.A. § 863 intact, leaving the jurisdictional amount in those cases where other United States District Courts have no jurisdiction at a sum exceeding $3,000; and in those cases in which all United States District Courts have jurisdiction, as conferred in Sections 1331 and 1332, the jurisdictional amount was raised to $10,000.

To further clarify its position the Court stated:

> To put it in other words, if the complaint shows a cause of action cognizable by all Federal District Courts, under 1331 or 1332, the Act of 25 July, 1958 applies; if the action is between aliens not domiciled in Puerto Rico, or American citizens not domiciled in Puerto Rico, *the amendatory Act does not apply*. (Emphasis supplied.)

It is crystal clear that the question which in our estimation the case at bar presents must be answered in the negative, thus preserving the jurisdiction conferred upon the United States District Court for Puerto Rico as a unique or additional jurisdiction.

The Court of Appeals, in the case of Compagnie Nationale Air France v. Castaño, 1 Cir., 358 F.2d 203 (1966), regarding the special jurisdiction of the District Court of Puerto Rico under 48 U.S.C.A. § 863, stated, by way of Chief Judge Aldrich, the following:

> The assumption the court apparently made seems the proper interpretation. If Congress wished to extend federal jurisdiction to a particular class, no reason suggests itself why the favored parties should have to be on both sides of the case. This is the policy underlying section 1332, the more general statute. Furthermore, this interpretation is consistent with the prior law. The origins of the present provision go back to Section 34 of the Foraker Act, as amended by the Act of March

2, 1901, ch. 812 § 3, 31 Stat. 953. That amendment read:

> That the jurisdiction of the district court of the United States for Porto Rico in civil cases shall, *in addition* to that conferred by the Act of April twelfth, nineteen hundred, extend to and embrace controversies where the parties or either of them, are citizens of the United States, or citizens or subjects of a foreign State or States. (Emphasis supplied.)

Thus, this Court feels that the additional jurisdiction conferred upon it by virtue of 48 U.S.C.A. § 863 is sufficiently clear and explicit in the law so as not to warrant further explanation or analysis.

Regarding the applicability of the amendments of 1958 to Sections 1332 and to 48 U.S.C.A. § 863, we also find it completely established that they do not in any way apply to such section 863.

In the case of Lavergne v. United States Casualty Co., D.C., 259 F.Supp. 425 (1966), the same jurisdictional question was expressly decided by this Court when it held that:

> There is nothing in the amendment to 28 U.S.C.A. § 1332 nor in its legislative history which indicates expressly or implicitly that Congress had the intention of extending the provision to affect the jurisdiction of the United States District Court for the District of Puerto Rico.

As the Court of Appeals clearly stated in the case of Ritchie v. Heftier Construction Co., of Puerto Rico, Inc., 1 Cir., 367 F.2d 358, "the recent Congressional amendment of 28 U.S.C.A. § 1332 (c) redefining corporate citizenship for diversity purposes, like the increase in the jurisdictional amount, was not made applicable to the special Puerto Rican statute." In the case of Huntley Corporation of Puerto Rico v. United States Casualty Co., Civil 216–66, July 8, 1966, we stated in reference to the amendment of 1958 that "Congress did not amend the provisions of the special jurisdiction

of this Court, as provided in 48 U.S. C.A."

Furthermore, this Court stated recently in the case of Luce and Co. v. Alimentos Borinqueños S.A. and Libby, McNeill and Libby, D.C., 276 F.Supp. 94 (1967), referring to the *Ritchie* case, the following:

> We read that decision as holding unqualifiedly that the amendments to the Title 28 general diversity statute have no effect on the Title 48 jurisdiction of this Court.

In view of the prior decisions of this Court and the Court of Appeals regarding the nonapplicability of the Congressional Amendment of 1958 to 48 U.S.C.A. § 863, defendant's motion to dismiss for lack of jurisdiction must be, and hereby is, denied.

It is so ordered.