**PRODUCTOS LIBBY'S INTERNATIONAL, INC., Plaintiff,**

v.

**LUCE & COMPANY S. en C., Defendant.**

**Civ. A. No. 633–67.**

United States District Court
D. Puerto Rico.

June 28, 1968.

Salvador E. Casellas, Fiddler, Gonzalez & Rodriguez, San Juan, P. R., for plaintiff.

Arturo Estrella, Baragaño, Trias, Saldaña & Francis, San Juan, P. R., for defendant.

ORDER

FERNÁNDEZ-BADILLO, District Judge.

This case raises the question of whether a foreign corporation having its principal place of business in the Island is domiciled in Puerto Rico for the purposes of the special "additional jurisdiction" of this Court provided in 48 U.S.C. §§ 863, 864.

On September 14, 1967, plaintiff, Productos Libby's International Inc. ("Productos") a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the Commonwealth of Puerto Rico, filed in this Court a civil action against defendant, Luce & Company S. en C. ("Luce"), a civil law partnership ("Sociedad en Comandita"), organized and existing under the laws of the Commonwealth of Puerto Rico. Jurisdiction of this Court is invoked under 48 U.S.C. § 863.

On December 13, 1967, Luce filed a Motion to Dismiss alleging that " * * *

the Court lacks jurisdiction because the controversy is not one in which, in accordance with 48 U.S.C. § 863, all of the parties on either side thereof, are citizens of a foreign state or states or citizens of a state, territory or district of the United States, not domiciled in Puerto Rico, in that while the plaintiff is incorporated in the State of Illinois, it is domiciled in the Commonwealth of Puerto Rico, and the defendant is a citizen of the Commonwealth of Puerto Rico and is domiciled in said Commonwealth." The matter was fully argued by the parties on January 4, 1968, and briefs were filed by both parties in support of their respective positions.

For the reasons hereinafter given, I hold that a foreign corporation having its principal place of business in Puerto Rico is not domiciled in Puerto Rico, and that therefore, this Court has jurisdiction in this case. Section 863 forms part of the Puerto Rico-Federal Relations Act (48 U.S.C. § 731 et seq.). It provides a complete, full and independent basis for the jurisdiction of this Court. In our jurisdiction the interpretation of the word "domicile" in said section as applied to corporations, was definitively settled by the Court of Appeals in the case of Ritchie v. Heftler Construction Co., 367 F.2d 358 (1 Cir. 1966). In that case the Court held that the principal place of business of a corporation was not to be equated with its domicile. To hold that the principal place of business of a corporation and its domicile are one and the same thing, would be tantamount to amending the Puerto Rico-Federal Relations Act by making the 1958 amendments to 28 U.S.C. § 1332 applicable to Section 863. In *Ritchie*, the Court of Appeals specifically held that " * * * the recent Congressional amendment of 28 U.S.C. § 1332(c) redefining corporate citizenship for diversity purposes, like the increase of the jurisdictional amount, was not made applicable to the special Puerto Rico statute."

It is well settled that for jurisdictional purposes a corporation is domiciled in the jurisdiction where it was created. 18 Am.Jur.2nd, Corporation Section 159; (Vol. VIII Fletcher (Cyc. Corp.) (Perm.Ed.) Section 4025); State of New Jersey v. Garford Trucking, Inc. (1950), 4 N.J. 346, 72 A.2d 851, 16 A.L.R. 2d 1407; Johnson & Johnson v. Picard, 282 F.2d 386 (6 Cir.); United States v. Webster Record Corp., 208 F.Supp. 412 (D.C.); Pittsburgh-Des Moines Steel Co. v. Incorporated Town of Clive, 249 Iowa 1346, 91 N.W.2d 602; State v. Preferred Accident Insurance Co. of New York, La.App., 149 So.2d 632.

We believe it to be clear that the word "domicile" as used in 48 U.S.C. § 863 is equivalent to and synonymous with the state of incorporation, and that a proper jurisdictional pleading is made in the complaint. It is therein stated that Productos is an Illinois corporation authorized and doing business in Puerto Rico, thus not domiciled in Puerto Rico; Porto Rico Railway, Light & Power Company v. Mor, 253 U.S. 345, 40 S.Ct. 516, 64 L.Ed. 944 (1920); Vere v. Bianchi, 266 F. 367 (1 Cir. 1920); Diez v. Green, 266 F. 890 (1 Cir. 1920). An examination of Senate Report No. 579 of the 64th Congress, First Section, accompanying House Resolution 9533, and the opinion in the *Mor* case show that the Congressional intent was that the phrase "not domiciled in Puerto Rico" of Section 863, was to apply only to natural persons. It should be remembered that under the general diversity of citizenship jurisdiction, an alien residing in Puerto Rico could sue or be sued by an American citizen residing in Puerto Rico in this Court where all proceedings are conducted in the English language. Since the Treaty of Paris (30 Stat. 1755) permitted Spanish subjects residing in Puerto Rico to preserve their Spanish citizenship, and the Organic Act of 1917 (39 Stat. 951) permitted the citizens of Puerto Rico to refuse American citizenship, it appears that in inserting the phrase "not domiciled" Congress was concerned with those many aliens and citizens of Puerto Rico which were

domiciled here but did not possess American citizenship.

Moreover, in the case of Luce & Co., S. en C. v. Alimentos Borinqueños, S.A. et al, 276 F.Supp. 94 (D.C.), on November 3, 1967 this Court denied plaintiff's motion to remand and held that a foreign corporation whose principal and sole place of business was in Puerto Rico, could remove a suit to this Court based on the provisions of Sections 863 and 864, since the 1958 Amendment redefining corporate citizenship had no effect on the special "additional jurisdiction" of this Court.

In view of the foregoing, it is ordered, adjudged and decreed that defendant's Motion to Dismiss be and hereby is denied.