**FRANCISCO GARRATON, INC.,**
**Plaintiff,**

v.

**KIMBERLY CLARK CORPORATION**
**and Kimberly Clark International,**
**S. A., Defendants.**

**Civ. A. No. 88-67.**

United States District Court
D. Puerto Rico.

May 17, 1967.

Dubon & Dubon, San Juan, P. R., for plaintiffs.

McConnell, Valdes & Kelley, San Juan, P. R., for defendants.

CAFFREY, District Judge.*

This matter came before the Court upon the basis of defendants' motion to dismiss. The motion is based on two grounds (1) that the complaint fails to state a claim against either defendant upon which relief can be granted, and (2) that defendants are not subject to service of process in either the Superior Court of Puerto Rico or this Court. The motion is supported by the affidavit of G. Kenneth Crowell, Vice-President of Kimberly Clark Corporation (KCC), and by four exhibits attached thereto. The parties orally argued and have filed memoranda of law in support of their respective positions.

From the papers on file, the following facts appear to be without dispute. Plaintiff is a corporation doing business in Puerto Rico, although the complaint does not set forth the jurisdiction under the laws of which it was incorporated. From 1939 until April 28, 1964, plaintiff corporation was in exclusive charge of the sale and distribution in Puerto Rico of paper products manufactured by defendant KCC. Prior to 1935, KCC caused the formation of a subsidiary, International Cellucotton Products Company (ICP) to facilitate the distribution of its products, and plaintiff's contract with ICP which became effective May 1, 1955 (a copy of which is set out in full as Exhibit 2 to the Crowell affidavit) is the operative document to be used in deciding the contentions of the parties in this case.

Effective September 30, 1955, ICP consolidated with KCC and KCC assumed the assets and liabilities of ICP. Thereafter, plaintiff continued as exclusive distributor of KCC products in Puerto Rico under the May 1, 1955 agreement, responsibility for which was assumed by KCC on September 30, 1955 (Exhibit 3 to the Crowell affidavit). This contract between plaintiff and ICP contained the following clause:

"This agreement shall become effective May 1, 1955 and shall bind both parties thereto for a period of one year from the said date. Thereafter this Agreement shall continue in full force and effect, subject to modification upon mutual agreement of both parties, but terminable upon ninety (90) days written notice sent by Registered Mail by either party to the other at the address above set out, such notice to be complete upon mailing; provided, however, that termination hereof shall not impair or abrogate any accrued rights or liabilities hereunder."

On January 28, 1964, defendant KCC sent a registered airmail letter to plaintiff, which was received by plaintiff on February 3, 1964, notifying plaintiff of the termination of the May 1, 1955 agreement, in strict accordance with the provisions of the above-quoted paragraph. By those provisions the notice became effective 90 days after January 28, or April 28, 1964 (Exhibit 4 to the Crowell affidavit). The parties ceased doing business with each other after April 28, 1964. The second corporate defendant in this case, Kimberly Clark International, S.A. (KCI), became the distributor in Puerto Rico for products of KCC subsequent to April 28, 1964.

The legislature of Puerto Rico enacted Law No. 75 (T. 10 sec. 278a L.P. R.A.) effective June 24, 1964, which expressly forbade unilateral cancellation of dealers' contracts without just cause notwithstanding the existence of a clause reserving to the parties a right of termination at will.

* Sitting by designation.

In its complaint plaintiff alleges that during the period 1939 to 1964 the annual sales volume of KCC products in Puerto Rico rose from $9,000 to something over $1,000,000 as a result of plaintiff's efforts; that the termination of the contract was made in bad faith and without the consent of the plaintiff; that plaintiff had performed its obligations under the contract faithfully and fully; that KCC formed KCI under the laws of the Commonwealth of Puerto Rico; that KCC owns KCI, which took over the sales and distribution formerly handled by plaintiff; and that both defendants are improperly profiting and unjustly enriching themselves from the promotion, good will, credit, and reputation created by plaintiff in Puerto Rico in favor of KCC products. Plaintiff seeks damages of $1,000,000, the alleged average amount of commissions and profits lost by plaintiff on sales of KCC products subsequent to the termination of the agreement and the alleged value of the loss of good will suffered by plaintiff.

The complaint does not allege any nonpayment by defendant KCC of any commissions earned by plaintiff prior to the termination of the contract, nor does it allege any conduct on the part of KCI prior to the termination. The case was filed in the Superior Court of Puerto Rico on January 20, 1967 and removed to this Court on February 20, 1967 on the basis of diversity of citizenship. Plaintiff contends in its brief, but not in the complaint, that defendant KCC was aware of the pendency of Law No. 75 when it notified plaintiff of the termination of the agreement and urges this awareness as evidence of bad faith on the part of KCC in terminating the agreement.

At the time when the notice of termination was served on plaintiff, and at the time the notice became effective, a contract between a manufacturer and its exclusive dealer containing a provision for termination on 90-day notice was legal and enforceable under the laws of the Commonwealth of Puerto Rico. There are two reported decisions of the Supreme Court of Puerto Rico, in each of which that Court has ruled that a termination pursuant to such a clause creates no cause of action in favor of the party who opposed the termination. *Arecibo Motor Co. v. Caribe Motors Co.*, 60 P.R.R. 391 (1942); *Figueroa v. Miranda & Eguia, Inc.*, 83 P.R.R. 533 (1961). In *Arecibo*, the Court said, at 399–400:

> "In connection with this kind of contracts it has been held, by the weight of authority, that when no term thereof has been fixed and it is stipulated that the contract may be canceled by either party, neither party can successfully prosecute an action for damages by reason of the termination of the contract by the other party."

Assuming, in plaintiff's favor, that defendant KCC was aware of the pendency of the law which became effective June 24, 1964, that fact cannot avail plaintiff here, since the termination of the instant contract was well prior to the effective date of the new law and was proper under the law prevailing at the time defendant acted.

Absent a cause of action against KCC it is clear that there can be no action in plaintiff's favor against KCI, which did not come into existence or enter into relations with plaintiff until after the contract. I do not reach the second ground of defendants' motion, the question of the validity of the service of process, but I assume same to be valid solely for purposes of this motion.

The motion to dismiss is allowed on ground one: failure of the complaint to state a claim on which relief can be granted.

Judgment accordingly.