**PANAMERICAN PHARMACEUTICAL, INC., Plaintiff,**

v.

**SHERMAN LABORATORIES, INC.,** Cooper Laboratories, Inc. and Alfredo Gonzalez Vicente, Defendants.

Civ. A. No. 675-68.

United States District Court
D. Puerto Rico.
Dec. 10, 1968.

Charles R. Cuprill, Ponce, Puerto Rico, for plaintiff.

S. Keaney, McConnell, Valdes & Kelley, San Juan, Puerto Rico, for defendants.

### MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

The matter now before this Court is an opposition filed by plaintiff to a removal of this action from the Superior Court of Puerto Rico, Ponce Part. The Court considered this opposition as a motion to remand.

The action was commenced by the filing of a complaint in the Superior Court of Ponce on or about October 1, 1968. Service of process on co-defendants Sherman Laboratories, Inc. ("Sherman") and Cooper Laboratories, Inc. ("Cooper"), was made in accordance with Rule 4.7 of the Rules of Civil Procedure of 1958 for the General Court of Justice, 32 L.P. R.A. App. II, and upon co-defendant Alfredo González Vicente ("González") by personal delivery in Santurce, Puerto Rico.

The verified petition for removal, which was filed on October 16, 1968 on behalf of petitioners Sherman and Cooper, contains the following allegations as to jurisdiction:

"As appears from the complaint, a copy of which is hereto attached, the action above mentioned is a civil action for damages of which this Court has jurisdiction under the provisions of the Act of Congress of March 2, 1917, as amended, 48 U.S.C.A. 863, in that the controversy is one in which your petitioners as defendants are now, and were at the time of the filing of this action in the Superior Court, citizens of the State of Michigan and the State of Delaware, respectively, not domiciled in Puerto Rico, and the matter in dispute exceeds, exclusive of interest or costs, the sum or value of $10,000.

"3. The defendant, Alfredo González Vicente is a purely formal party fraudulently joined for the sole purpose of destroying diversity and defeating removal jurisdiction."

The allegations of Paragraph 2 comply with the teachings of the decisions of this Court dealing with its removal jurisdiction. See Luce & Co., S. en C. v. Alimentos Borinqueños, S. A. and Libby, McNeill & Libby, 276 F.Supp. 94 (D.C. P.R.1967); Cf. Productos Libby's International, Inc. v. Luce & Co., 286 F. Supp. 301 (D.C.P.R.1968).

On October 23, 1968, plaintiff, Pan American Pharmaceutical, Inc. ("Pan American") filed its opposition to the removal, questioning the removal jurisdiction of this Court in general, and Paragraph 3 of the Petition in particular.

A hearing on the opposition was held before this Court on November 8, 1968, at which time the parties appeared by counsel and certain evidence, more fully discussed below, was presented.

■■ It is well settled that allegations in the petition for removal may be used to claim that a resident defendant has been fraudulently joined to defeat removal. See e. g. Chesapeake & Ohio Ry. v. Cockrell, 232 U.S. 146, 34 S. Ct. 278, 58 L.Ed. 544; Wright, Federal Courts, Par. 40, p. 124 (1963 ed.); 1A Moore's Federal Practice, Par. .0.161 [2],

pp. 530–537 (1965 ed.). Petitioner's position in its papers was that the joinder of González must be deemed to be fraudulent in that the complaint fails to state any cause of action against him, in reliance upon such cases as *Lobato v. Pay Less Drug Stores*, 261 F.2d 406 (10th Cir. 1958), *Toadvine v. Cincinnati, N. O. & T. P. Ry. Co.*, 20 F.Supp. 226 (E.D.Ky.1937), *Alabama Vermiculite Corp. v. Patterson*, 149 F.Supp. 534 (W.D.S.C.1955), and *James v. National Pool Equipment Co.*, 186 F.Supp. 598, 601 (S.D.Ill.1960), as well as commentators like Professor Moore, 1A Moore's Federal Practice, Par. 0.161 [2] at 532 (1965 ed.[1]). A decision on this ground requires a detailed examination of the complaint filed in this action.

■ Plaintiff alleges, and for the purposes of this motion the allegations against Sherman and Cooper must be taken as true, that it entered into a contract for the exclusive distribution of Cooper's products on or about August 1, 1967, that Cooper and Sherman subsequently entered into an agreement of merger, and that " * * * as a result of the merger and for the purpose of consolidating sales and promotion, Cooper * * * and Sherman * * * decided to use * * * González * *, who has represented Sherman * * * for several years, as distributor of their pharmaceutical products in Puerto Rico * * *." (Par. 6, Complaint). Reliance in this connection is placed upon Act No. 75 of 1964 of the Commonwealth of Puerto Rico, 10 L.P.R.A. §§ 278–278d. After a detailed recitation of statutory damages caused by the termination of plaintiff's contract, the complaint goes on to allege that "the action of defendants has caused" (Par. 9) plaintiff and plaintiff's president certain further special damages arising from the termination. González is referred to only in Paragraph 6 of the Complaint, as Sherman's distributor prior to the merger, and as the distributor for the merged companies on and after the termination.

There is an extensive and rapidly growing body of case law dealing with various aspects of Act No. 75. See e. g., *Hilti, Inc. v. Oldach*, 392 F.2d 368 (1st Cir. 1968); *La Electrónica, Inc. v. Electric Storage Battery Co.*, 260 F. Supp. 915 (D.C.P.R.1966); *Ruíz v. Economics Laboratory Inc.*, 274 F.Supp. 14 (D.C.P.R.1967); *Executive Air Services, Inc. v. Beech Aircraft Corporation*, 254 F.Supp. 415 (D.C.P.R.1966); *Felix A. Rodríguez, Inc. v. Bristol-Myers Co.*, 281 F.Supp. 643 (D.C.P.R.1968); *Francisco Garratón, Inc. v. Kimberly Clark Corp.*, 267 F.Supp. 909 (D.C.P.R.1967). As has been noted by the Chief Judge of this District Court,

> "The mentioned statute represents the Commonwealth legislature's response to the many problems that arise from the cancellation of dealers' or distributorship contracts by mainland and local firms, in those cases in which there are no reasonable grounds therefor." *Félix A. Thillet, Inc. v. Kelley-Springfield Tire Co.*, 41 F.R.D. 55, 56 (D.P.R.1966).

The complaint in the instant action contains no express allegations of conspiracy or other express reference to wrongdoing on the part of González. The question for decision is, in effect, whether a successor distributor may be held liable for the actions of its grantor in the termination of a prior contract of distribution.

A roughly analogous situation was dealt with by one of the judges of this Court in *Garratón, Inc. v. Kimberly Clark Corp.*, 267 F.Supp. 909 (1967) (Caffery, J., sitting by designation). The case is not on all fours, however,

---

[1]. At the hearing, counsel for petitioners, unnecessarily perhaps, made very clear that his use of the term "fraudulent" was not meant as a reflection or implication of any sort on plaintiff. The expression has gained general use in the cases, and is merely a word of art used to indicate that in the opinion of the removing party the complaint fails to state a cause of action against the resident defendant.

because the termination there in issue became effective prior to the effective date of Act No. 75. The operative provision of Act No. 75 now reads as follows:

> "Notwithstanding the existence in a dealer's contract of a clause reserving to the parties the unilateral right to terminate the existing relationship, *no principal or grantor* may directly or indirectly perform any act detrimental to the established relationship or refuse to renew said contract on its normal expiration, except for just cause." Article 2, 10 L.P.R.A. § 278a. (emphasis added).

Article 3 of the Act reads in part as follows:

> "If no just cause exists for the termination of the dealer's contract for detriment to the established relationship, or for the refusal to renew same, *the principal* shall have executed a tortious act against the dealer * * *." 10 L.P.R.A. § 278b. (emphasis added).

The terms "principal" and "grantor" are defined as follows in the Act:

> " * * * person who executes a dealer's contract with a dealer". 10 L.P.R.A. § 278, paragraph (c).

The language of the statute thus appears to limit liability to the principal and grantor. This statutory scheme may be compared with Article 6 of the corresponding statute enacted by the Dominican Republic, which, translated, reads as follows:

> "Any natural or juridical person, national or foreign, who may have associated himself with the person instituting the replacement or substitution, the cancellation or termination of the Concession Contract or the refusal to renew said contract, by unilateral action of the Grantor and without just cause *and who replaces the Grantee shall be jointly and severally liable for the payment of the indemnity that may be awarded.*" Law No. 3284, Dominican Republic. (emphasis added).

■ This contract in statutory language has been commented upon in a recent law review article, W. W. Colón, R. L. Colón, Jr., "El Contrato de Distribución" VII Revista de Derecho Puertorriqueño, 225, 263 (1968). The authors in fact suggest that the legislature affirmatively amend Act No. 75 so as to incorporate language similar to that found in the Dominican Act.[2] It would be inappropriate for this Court to take a position with regard to this suggestion, other than to note that it will enforce the valid laws of the Commonwealth as it finds them, not as they may at some future time be amended.

It should be further noted that González was not, nor is he alleged to have been, a party to the contract between co-defendant Cooper and plaintiff Pan American. Article 1209 of the Civil Code provides in part as follows:

> "Contracts shall only be valid between the parties who execute them and their heirs * * *." (31 L.P.R.A. 3374) [3].

2. The recommendation of the authors reads as follows, in translation:
"1. That Article 2 of Law No. 75, as amended, be amended so as to make those persons, juridical or natural, who have substituted the persons who have been the object of a cancellation, termination or impairment of an established relationship under a contract of distribution, jointly liable with the foreign or domestic entity involved for the payment of the indemnity." (ibid at 304–305).
The authors then make express reference to Article 6 of the Dominican law, not-

ing that it is the source of their suggestion.

3. Cf. Suárez v. Hernández, 56 P.R.R. 262, 268 (1940). "Actions *ex contractu* * * * can only be prosecuted by either party to the contract against the other." This Court has on another occasion noted the importance and relevancy of Civil Law principles for the adjudication of disputes brought before it on grounds of diversity. Félix A. Rodríguez, Inc. v. Bristol-Myers Company, 281 F.Supp. 643, 645 (D.C.P.R.1968).

In light of the allegations of the Complaint, and the provisions of Act No. 75, the Court is of the opinion that the complaint in this action fails to state a cause of action against González.

At the aforementioned hearing held on October 8, 1968, and because of the opposition to the removal filed by plaintiff, counsel for Sherman and Cooper put González on the witness stand to elicit certain testimony as to matters alleged in the complaint. At a hearing of this sort, the petitioning defendants must take and carry the burden of proof, in that they are the moving parties. See Wilson v. Republic Iron & S. Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921); Ex parte State of Nebraska, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876 (1908); Covington v. Indemnity Insurance Company, 251 F.2d 930 (5th Cir. 1958).

The testimony given by González may be summarized in the following manner: he did not participate in the decision to terminate, nor did he take part in the implementation of the decision. His uncontradicted statements further indicate that he was not called upon for an opinion prior to the termination alleged in the complaint, and that he never sought to convince either Sherman or Cooper affirmatively or otherwise, that he should be the beneficiary of a termination of plaintiff's contract.

This testimony, particularly in conjunction with my conclusion as to the complaint's failure to state a claim against González as a matter of local law, further buttresses the position of Sherman and Cooper. It would appear that González is and was a complete stranger to the allegedly unlawful termination.

The findings of fact and conclusions of law contained in this Memorandum Opinion, as supplemented by those appearing below, are considered to be adequate within the meaning of Rule 52(a), Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. Co-defendant Alfredo González Vicente played no part in the termination alleged in the complaint.

2. Plaintiff Panamerican Pharmaceutical, Inc. knew or should have known that co-defendant Alfredo González Vicente played no part in the termination alleged in the complaint.

## CONCLUSION OF LAW

1. The Complaint fails to state a claim against co-defendant Alfredo González Vicente upon which relief can be granted.

2. The joinder of Alfredo González Vicente as a party defendant is to be regarded in law as a fraudulent joinder for the purpose of defeating the jurisdiction of this Court.

3. This Court has jurisdiction over the subject matter of this action pursuant to 48 U.S.C. § 863.

4. The motion to remand filed by plaintiff should be denied.

An appropriate order will be entered, with Sherman and Cooper to answer or otherwise plead to the complaint within ten days of the entry of the Order.