Osvaldo **ROMERO** per se and doing business under the name of Caribbean Imports, Co.

v.

**ITE IMPERIAL CORPORATION** et al.

Civ. No. 38–71.

United States District Court,
D. Puerto Rico.

Sept. 30, 1971.

Roberto Buso-Aboy, Santurce, P. R., for plaintiff.

Antonio Gonzalez-Geigel, Hato Rey, P. R., for defendants.

## OPINION AND ORDER

FERNANDEZ-BADILLA, District Judge.

This Court is called upon to rule on plaintiff's motion to remand the instant action, as well as upon the motion to dismiss filed by defendants ITE Puerto Rico, Inc., R. Durand Associates, Inc. and Carlos A. Díaz. Since the issues involved are interrelated, both the motion to dismiss and the motion to remand are herein considered jointly.

This action was originally brought by the plaintiff in the Superior Court of Puerto Rico, San Juan Part. A timely petition for removal was filed by all of the defendants on January 19, 1971. At the time of the petition for removal, defendant ITE Imperial Corporation had not yet been served with process, but voluntarily submitted to the jurisdiction of this Court. All other defendants had been served with process.

The action is brought exclusively to recover damages for an alleged termination of a distributorship relationship without just cause under the Dealer's Act of Puerto Rico.[1]  I.T.E. Imperial

---

1. 10 L.P.R.A., Secs. 278 et seq.

Corporation is a corporation organized under the laws of the State of Pennsylvania, and was not at the time of the commencement of the action, nor is it now, a citizen or resident of the Commonwealth of Puerto Rico. The rest of the defendants, I.T.E. Puerto Rico, Inc., R. Durand Associates, Inc., and Carlos A. Díaz are all residents and domiciliaries of the Commonwealth of Puerto Rico.

The verified petition for removal, filed on January 19, 1971, alleges that the basis of the petition is the existence of total diversity between the properly named parties and that as appears from the face of the complaint, the jurisdictional amount requirement has been met. 28 U.S.C. Sections 1332; 1441.

The petition further admits that ITE Puerto Rico, Inc., R. Durand Associates, Inc. and Carlos A. Díaz (the local defendants) are all residents and domiciliaries of the Commonwealth of Puerto Rico, but alleges that none of them had any connection whatsoever with the events from which this lawsuit arises, and that specifically in the case of ITE Puerto Rico, Inc., said corporation did not even exist at the time that the events took place.

On June 14, 1971, named defendants I.T.E. Puerto Rico, Inc., R. Durand Associates, Inc. and Carlos A. Díaz presented to this Court a Motion to Dismiss the action as to them alleging their fraudulent joinder as defendants and the inexistence of a cause of action against them, specifically averring the above mentioned facts that none of the defendants had any connection whatsoever with the events from which this lawsuit arises, and specifically in the case of I.T.E. Puerto Rico, Inc., that said corporation did not even exist at the time that the events took place. This averment is substantiated by the verified removal petition wherein these allegations were made under oath, and by the affidavits of Mr. Esteban Dávila Díaz and Mr. Carlos A. Díaz. The statements in these affidavits have gone uncontradicted.

On July 7, 1971, plaintiff herein filed a Motion to Remand Removed Action in support of which on July 29, 1971, it submitted a memorandum of law.

The issues to be decided are:

I. *Are the defendants, I.T.E. Puerto Rico, Inc., R. Durand Associates, Inc., and Carlos A. Díaz fraudulently joined defendants?*

II. *Should this case be remanded?*

In the case of Panamerican Pharmaceutical, Inc. v. Sherman Laboratories, Inc. and Alfredo González Vicenti, 293 F.Supp. 713 (D.P.R.1968), this Court in discussing the Dealer's Act of Puerto Rico, 10 L.P.R.A., 278, et seq., stated that:

"The language of the statute thus appears to limit liability to the principal and grantor. This statutory scheme may be compared with Article 6 of the corresponding statute enacted by the Dominican Republic, which, translated, reads as follows:

'Any natural or juridical person, national or foreign, who may have associated himself with the person instituting the replacement or substitution, the cancellation or termination of the Concession Contract or the refusal to renew said contract, by unilateral action of the Grantor and without just cause and who replaces the *Grantee shall be jointly and severally liable for the payment of the indemnity that may be awarded.*' Law No. 3284, Dominican Republic. (emphasis added).

"This contract in statutory language has been commented upon in a recent law review article, W. W. Colón, R. L. Colón, Jr., 'El Contrato de Distribución' VII Revista de Derecho Puertorriqueño, 225, 263 (1968). The authors in fact suggest that the legislature affirmatively amend Act No. 75 so as to incorporate language similar to that found in the Dominican Act. (Footnote omitted) It would be inappropriate for this Court to take a position with regard to this

suggestion, other than to note that it will enforce the valid laws of the Commonwealth as it finds them, not as they may at some future time be amended." 293 F.Supp. at p. 716.

Moreover it is worthy of note that the first draft of the Dealer's Act of Puerto Rico (Senate bill number 673, March 12, 1964) [2] provided for the type of liability which plaintiffs seek to assert, liability against the potential successor distributors. The pertinent portions of the Senate's draft Number 673 read as follows:

"Article 5.—Any person helping to make possible the illegal acts referred to in Articles 2 and 3 shall be jointly and severally responsible for the payment of the corresponding indemnification." (Translation ours).

The Dealer's Act of Puerto Rico, as finally passed,[3] was modified to *eliminate* this liability. Thus, it was the clear intent of the Legislature of Puerto Rico to make only the manufacturer liable for the damages provided by said Act. Thus, it is clear, as this Court has already ruled, that a claim for damages under the Dealer's Act of Puerto Rico can only be directed against the principal or grantor, in this case I.T.E. Imperial Corporation, and therefore, all of the other defendants are improper parties to the claims alleged under the Act.

As can be noted from the record in this case,[4] there is no allegation of conspiracy made in the pleadings, and further, there is no prayer seeking injunctive relief against any of the parties herein. The only relief sought is liquidated damages. A claim for such damages, even after the May 1971 amendment to the Dealer's Act of Puerto Rico, lies only against the principal or grantor and not against the subsequent distributor.

Plaintiff relies in the case of Caribe Motors Corp. et al v. General Motors Corp. et al, Civil. No. 738–70, Order of December 8, 1970, (unpublished) for the proposition that the named resident defendants have been properly joined in this action. The *Caribe Motors* case, however, is entirely different from the instant case since as was stated at page 9 of the referenced order the essence of the remedies sought in the *Caribe Motors* case were declaratory judgment and restraining relief and although the Court did not purport to make any adjudication on the merits thereof, the Court came to the conclusion that in a claim for relief of this type, all parties, all agents, and all persons participating in the acts that gave rise to the prayer for such relief were properly joined as defendants (Order, first full paragraph of page 9).

It was in consonance with the above reasoning that the Court ruled that the resident defendants in the *Caribe Motors* case had been properly joined as parties defendant, and, since they were citizens, residents and domiciliaries of Puerto Rico, requisite diversity had failed.

In view of the above, it is the Court's opinion that no cause of action is stated against the resident defendants in this case and therefore, the complaint should be immediately dismissed as to them.

2. This bill is filed in the Office of the Secretary of the Senate. Legislative Journal of the Legislature of Puerto Rico (1964) p. 596.

3. A substitute Bill to Senate Bill No. 673 was filed in the Senate and finally approved by both Houses, becoming the Dealer's Act of Puerto Rico. (Legislative Journal of the Legislature of Puerto Rico 1964, pages 1530–1531, 1723–1725).

4. The plaintiff's sole allegation which makes reference to the local defendants reads as follows:

"Defendants ITE Puerto Rico, Inc., R. Durand Associates, (INC.) and Carlos A. Díaz have joined with ITE Imperial Corporation and have accepted a new contract of distribution in Puerto Rico for the products which the plaintiffs herein used to represent so that the four defendants are receiving the benefit of the work undertaken by the plaintiff in relation to the ITE Imperial Corporation products, while the contract of distribution which the plaintiff had with such corporation lasted." (Paragraph 6 of the Complaint)

**526**

## II

■ The right to remove an action from a state court to the Federal District Court is a *statutory* right and it is a right that has existed since the original Judiciary Act of 1789. 1 Moore's Federal Practice, Par. 0.60(9) n. 1, p. 662 (1964 Ed.). "The whittling away or surrender of diversity jurisdiction, or of any other part of the Federal jurisdiction which serves a legitimate function under the Constitution, only weakens the federal system under which we have long prospered and, with fair success, have done justice between disputants." 1 Moore's Federal Practice, Par. 0.71(3–2) p. 701.34 (1964 Ed.).

■ Plaintiff's argument to the effect that a remand would speed up the proceedings in this case and would therefore be in the interest of justice is not correct. There is absolutely no guarantee that a remand of the instant action would result in a quicker decision. The case of Fornaris v. Ridge Tool, Co. et al, 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174, decided by the U. S. Supreme Court on November 23, 1970, cited by the plaintiff, merely stands for the proposition that the United States District Court for the District of Puerto Rico should hold in abeyance the determination of Constitutional issues surrounding the Puerto Rico Dealers Act pending determination of these issues by the Puerto Rico Supreme Court. It is not to be supposed that such determination by the Puerto Rico Supreme Court will not be forthcoming, and therefore, contrary to his allegation, the plaintiff herein will have his "day in court." Once the statutory requirements for the right of removal have been met, this court cannot order a remand on discretionary grounds such as the alleged speedier trial to be afforded the plaintiff.

## CONCLUSIONS

Since no cause of action is stated against the defendants, I. T. E. Puerto Rico, Inc., R. Durand Associates, Inc.,

and Carlos A. Díaz, the complaint should be dismissed as to these defendants, and therefore the requisite jurisdiction as between the remaining parties does exist. Remand, therefore, should be denied.