Trich GOVINDARAJAN,
Plaintiff–Appellee,

v.

FMC CORPORATION,
Defendant–Appellant.

Nos. 90–1142, 90–2930.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 23, 1990.

Decided May 13, 1991.

Charles D. Boutwell, McBride, Baker & Coles, Cyriac D. Kappil, Robert Orman, Chicago, Ill., for plaintiff-appellee.

Michael G. Cleveland, Kim A. Leffert, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant-appellant.

Before WOOD, Jr., and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

Trich Govindarajan filed suit to recover disability benefits from his employer, FMC Corporation ("FMC"), under FMC's short and long-term disability plans. These welfare benefit plans fall within the aegis of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. The district court ultimately found that Govindarajan was entitled to receive disability benefits beyond the time period determined by FMC. FMC appeals from that decision and we affirm.[1]

Govindarajan was hired by FMC in 1984 as a senior systems analyst. On November 25, 1985, Govindarajan slipped while walking down a flight of stairs at the FMC offices and injured his back. The following day Govindarajan called his immediate su-

---

1. FMC also appealed the award of attorneys' fees to Govindarajan. However, FMC indicated that the sole purpose of appeal on that issue was "preserving its right to overturn the attorney's fee award in the event that the liability judg- ment for [Govindarajan] ... is reversed, remanded and/or modified by the reviewing Court." We will not address the appeal of attorneys' fees since the judgment is being affirmed.

pervisor and the personnel office of FMC to report the incident and notify them that he would be absent from work that day. Govindarajan's wife called FMC on November 27, 1985 to report that her husband could not work that day and would be seeing a physician. Govindarajan returned to work on Monday, December 2, 1985, following the Thanksgiving holiday, and his employment was terminated. According to FMC, the discharge was the result of a reduction in force that was planned prior to Govindarajan's injury.

Govindarajan was admitted to the hospital on December 5, 1985 and on December 10, 1985 surgery was performed on one of his discs. On December 15, 1985 Govindarajan was released from the hospital and began his recuperation, including a supervised physical therapy program. Govindarajan then filed a claim under the Illinois Workers' Compensation Act, ILL.REV. STAT. ch. 48, paras. 138.1 *et seq.*, and the Illinois Industrial Commission awarded him temporary total disability benefits from November 26, 1985 through August 20, 1986.[2]

In January 1986 Govindarajan inquired about his eligibility to receive benefits under FMC's short-term and long-term disability plans. The short-term plan, funded by FMC, provides benefits for up to six months from the date of injury or illness. The long-term plan is funded by FMC employees and provides for benefits following six months of total disability. FMC denied Govindarajan disability benefits and claimed that his coverage under both plans ended upon his termination—December 2, 1985—even though the injury occurred prior to termination. In December 1987, an administrative law judge of the Social Security Administration ("SSA") determined that Govindarajan was totally disabled. His eligibility to receive benefits was reevaluated by the SSA in 1989 and it was determined that Govindarajan continued to be disabled.

Govindarajan has not worked since his injury. Following his surgery, he continued to complain of lower back pain. Numerous physicians have examined Govindarajan and several of the medical reports indicate that he was totally disabled from December 2, 1985 and his disability continued through late 1988. In June 1986, Govindarajan filed suit in the Circuit Court of Cook County, Illinois alleging that FMC had wrongfully denied him short-term and long-term disability payments. FMC achieved removal to federal court because Govindarajan's cause of action arises under ERISA. *See* 29 U.S.C. § 1132(a)(1)(B); 28 U.S.C. § 1441. Count I of Govindarajan's second amended complaint alleges that he was denied benefits under the disability plans in violation of ERISA. Count II alleged breach of an insurance contract to provide disability benefits and Count III was a claim for retaliatory discharge. FMC moved for summary judgment on all three counts.

In an order issued on October 31, 1988 ("FMC–I"),[3] the district court dismissed the breach of contract claim of Count II finding that it was preempted by ERISA. The district court granted FMC's motion for summary judgment on the retaliatory discharge claim of Count III. As to Count I, the ERISA claim, the district court found that it was a "completely unreasonable" interpretation of the plans that both coverage and benefits for previous coverage cease at the termination of the employee. The district court then remanded the case to FMC for a determination of whether Govindarajan was "totally disabled" within the meaning of the plans. In remanding, the district court reminded FMC to consider all available evidence in making its disability decision, including the SSA determination of Govindarajan's total disability.

An FMC committee of six management level employees ("Committee") reviewed Govindarajan's eligibility to receive benefits under the plans. The Committee concluded that Govindarajan was entitled to

---

**2.** Although FMC disputed Govindarajan's disability before the Commission, it did not appeal the decision.

**3.** FMC–I was not appealed by FMC and is therefore not before us.

benefits under the short-term disability plan for the period from November 25, 1985 to May 1, 1986. They further determined that in order to qualify for benefits under the long-term disability plan the claimant must receive short-term benefits for the full six-month period. Since Govindarajan would only receive benefits for five months, FMC concluded he would not be eligible to receive benefits under the long-term plan.

Govindarajan returned to the district court to request a trial on the issue of his eligibility to receive short-term benefits for the sixth month and for long-term benefits thereafter. FMC then filed a second motion for summary judgment claiming that the Committee properly exercised its discretion in denying benefits to Govindarajan after May 1, 1986. On December 19, 1989, the district court issued a second memorandum opinion and order ("FMC–II") and held that the Committee's determination that Govindarajan's disability ceased on May 1, 1986 was incorrect under a *de novo* standard and it was also arbitrary and capricious. The district court further ordered FMC to pay Govindarajan "one month of short-term benefits and to pay long-term benefits from June 1986 to late 1988. Benefits past that date to the present and beyond are subject to the determination of the trustees under the provisions of the long-term plan." It is from this order that FMC appeals.[4]

FMC argues that the district court erred in employing a *de novo* standard of review in evaluating the Committee's termination of benefits to Govindarajan. FMC asserts that the Committee's benefit determination should have been accorded a higher degree of deference than *de novo* review and should have been reversed only if the district court found it to be arbitrary and capricious. FMC's argument is anomalous

in light of the district court's order which specifically held that the Committee's benefit determination could not withstand scrutiny under either standard of review.

Prior to the Supreme Court's opinion in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), a decision to deny benefits under ERISA would not be reversed unless it was found to be arbitrary and capricious by the reviewing federal district court. *Petrilli v. Drechsel*, 910 F.2d 1441, 1445 (7th Cir. 1990). This deferential standard of review was employed by a majority of circuits, including this one. *Pokratz v. Jones Dairy Farm*, 771 F.2d 206, 208 (7th Cir.1985). The Supreme Court in *Firestone* relied on principles of trust law in holding that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115, 109 S.Ct. at 956.

The district court found that the appropriate standard of review of FMC's benefit determination was the *de novo* standard of *Firestone*. FMC argued that the Committee's decision did not involve an interpretation of the plans, but was merely a factual inquiry, and therefore *Firestone* should not control. Rejecting that argument, the district court found that the Committee's benefit determination involved construction and interpretation of "disability" within the meaning of the plans. FMC further contended that their plans granted the requisite discretionary authority to except them from the *de novo* review of *Firestone*, but the district court found no plan language granting discretion to the Committee.[5] However, we need not address the appropriate standard of review to be applied

---

4. Govindarajan filed with this court a motion to dismiss FMC's appeal arguing that FMC–II was not a final appealable decision under 28 U.S.C. § 1291. FMC's motion was denied on April 16, 1990.

5. Plan language which confers authority to administrators "to construe and interpret the plan" was held to grant sufficient discretion to create

an exception to the *Firestone* standard. *Fuller v. CBT Corp.*, 905 F.2d 1055, 1058 (7th Cir.1990), *but cf. Michael Reese Hosp. v. Solo Cup*, 899 F.2d 639, 641 (7th Cir.1990) (plan granting administrators "authority to control and manage the operation and administration of the Plan" did not create sufficient discretion to invoke a more deferential standard of review.)

because the district court found that FMC's benefit determination could not stand under either standard.

FMC contends that the *de novo* standard of review was inapposite to their decision to terminate Govindarajan's benefits, but they do not urge us to cure this alleged defect through remand to the district court for review under the arbitrary and capricious standard. Perhaps this is due to the district court's decision in FMC–II, supported by extensive factual findings, that FMC's benefit determination was arbitrary and capricious.

FMC argued that there was no physical cause for Govindarajan's symptoms of pain, but the district court found that the Committee failed to review the entire medical file in assessing Govindarajan's claim for benefits. The primary basis for terminating Govindarajan's disability benefits on May 1, 1986 appears to be a medical report (dated May 2, 1986) of Dr. Ronald Pawl, Govindarajan's treating physician, stating, "Although [Govindarajan] will be capable of carrying out the activities of a Senior Systems Analyst I think that he will require a work hardening program...." However, in July 1986, Dr. Pawl noted that further evaluation of Govindarajan would be required to "determine a release to work date." Apparently, Dr. Pawl was either reversing his position of May 1986, or his May report was not intended as an actual release to return to work immediately. In August 1986, Dr. Pawl concluded that Govindarajan's therapy program had been unsuccessful and he again stated that the goal remained for Govindarajan to "resume his occupational activities."

The district court also reviewed medical reports of numerous other physicians from whom Govindarajan sought treatment. Among those opinions was the evaluation of the chief of spinal surgery at Loyola University Medical Center, finding that in late 1986 Govindarajan had a herniated disc and concurring in his release from work. The district court concluded that "FMC's selective review of the medical evidence and its completely erroneous assertion that there was no physical cause for the subjec-tive symptoms of pain renders its decision not only unreasonable but arbitrary and capricious." We find that this conclusion is amply supported by the record and agree with the district court that FMC's benefit determination cannot be upheld under *de novo* review or an arbitrary and capricious standard. Accordingly, the judgment of the district court is

AFFIRMED.

MANION, Circuit Judge, concurring.

I concur in the court's judgment but differ with the analysis in the majority opinion. The first question in this case is whether the district court was required to review *de novo* FMC's decision to deny Govindarajan benefits, or whether the court was required to review that decision to determine only if it was arbitrary and capricious. The majority holds that the proper standard of review is irrelevant because FMC's decision was arbitrary and capricious. Given that this case involved a close factual question based on disputed facts, I would have difficulty concluding that FMC's decision exceeds the very deferential arbitrary and capricious standard. However, I would not reach that question because I conclude that the district court was required to review the plan administrator's decision *de novo*.

FMC argues that *de novo* review is inappropriate because, unlike *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), this case involves resolving a factual question (was Govindarajan really disabled?) rather than interpreting the Plan. Whether or not the proper standard of review varies depending upon whether a factual or interpretive question is presented is an issue we considered, but did not decide, in *Petrilli v. Dreschel*, 910 F.2d 1441, 1446 (7th Cir. 1990). I would decide that question today and approve a *de novo* review by the district court. Even if FMC's characterization of this case is correct, I see no basis for distinguishing between factual and interpretive questions when determining the proper standard of review. It is true that *Bruch* involved a plan interpretation. But

there is language in *Bruch* supporting a broader interpretation of the Court's holding. See *Petrilli*, 910 F.2d at 1446. More importantly, *Bruch's* holding was based on an analogy to trust law. As we noted in *Petrilli*, "the [*Bruch*] rationale focuses on whether the written terms of the plan confer discretion on the administrator, and not on the type of decision—factual or interpretive—that the administrator is rendering." *Id.* FMC has pointed to nothing in trust law to support its proposed distinction between factual and interpretive decisions.

The district court's standard of review in this case thus depends on whether FMC's plan gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Bruch*, 489 U.S. at 115, 109 S.Ct. at 956. Without going into detail, I agree with the district court's decision that nothing in FMC's plan gives the administrator such discretionary authority. Therefore, *de novo* review was proper. Although this case comes to us ostensibly from a grant of summary judgment for Govindarajan, FMC argues that the district court's "findings" (including its ultimate finding that Govindarajan was disabled) are clearly erroneous. In effect, FMC has treated this case as if the district court had tried the case and entered findings and judgment on stipulated facts. That being the case, it is appropriate for this court to review the district court's decision for clear error, rather than applying the normal summary judgment standard. See *May v. Evansville–Vanderburgh School Corp.*, 787 F.2d 1105, 1115–16 (7th Cir.1986). As the majority's analysis of the evidence demonstrates, the district court did not clearly err in finding Govindarajan disabled. Therefore, I concur in the court's judgment affirming the district court's decision that Govindarajan was disabled and entitled to benefits.