**Carol L. PETTIT, as Personal Representative of the Estate of David Burke Greenlee, Deceased, Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant.**

**Cause No. S91–190M.**

United States District Court,
N.D. Indiana,
South Bend Division.

May 20, 1991.

Lyn Leone, Notre Dame, Ind., for plaintiff.

Michael C. Adley, Hammond, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Plaintiff Carol Pettit objects to this case's removal from the state court in which she filed it. She is a citizen of Indiana, and the defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania. The amount in controversy exceeds $50,000.00; the state court complaint seeks damages of $1,000,-000.00. Accordingly, federal jurisdiction over the suit exists pursuant to 28 U.S.C. § 1332, a point conceded by Ms. Pettit, who filed an identical complaint in this court, now pending as Cause No. S91–127S.

Ms. Pettit claims a "right to select the proper forums of jurisdiction" and explains that she has proceeded with parallel litigation in the interests of expediency, allowing two courts to compete in furtherance of "the quickest resolution possible of her claim." She seems to argue that removal of this case would deprive the defendant of nothing, since the other suit provides the defendant with a federal forum, but removal would deprive her of a state forum.

Congress has given the defendant the right to remove this action:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The statutory language does not provide discretion of the sort to which Ms. Pettit appeals.

At the May 15, 1991 hearing on the remand motion, the court inquired of counsel as to the authority for the proposition that a plaintiff has a right, or a district court the discretion, to ignore the defendant's right to removal under § 1441(a). Ms. Pet-

tit's counsel reported that she had found no authority in support of her course, but neither had she found any to the contrary, and she stressed that the state courts have concurrent jurisdiction over the claim. The court afforded her additional time within which to submit authority.

On May 17, Ms. Pettit filed a brief memorandum citing *Green v. Indal, Inc.*, 565 F.Supp. 805 (S.D.Ill.1983), but that case affords no support to her position. *Green* involved a motion to stay federal proceedings while parallel state litigation proceeded, a matter within the federal court's limited discretion under *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Resolution of a non-statutory, discretionary issue provides no authority for the proposition that the court has discretion to disallow a defendant's exercise of its statutory right under § 1441(a).

The court's research, in contrast, has disclosed case law that commands denial of a remand motion based on the grounds asserted here. Most pertinently, in *Romero v. ITE Imperial Corp.*, 332 F.Supp. 523, 526 (D.P.R.1971), the court held that, "Once the statutory requirements for the right of removal have been met, this court cannot order a remand on discretionary grounds such as the alleged speedier trial to be afforded the plaintiff."

That the state courts have concurrent jurisdiction over the complaint is no bar to removal; indeed, until 1986, it was a prerequisite to removal because the federal court's jurisdiction was viewed as being derivative. *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Reid v. United States*, 715 F.2d 1148 (7th Cir.1983). Congress abolished this anomalous rule in 1986, but the new provision plainly enlarged, rather than restricted, the right of removal:

> The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

28 U.S.C. § 1441(e). Accordingly, the state court's power to hear this case absent removal adds nothing to the argument that removal should be prohibited.

Similarly, the pendency of a parallel federal suit gives the remand motion no additional force. If successful on her remand motion, Ms. Pettit—as she concedes—could argue for abstention over the federal suit pursuant to *Colorado River*, 424 U.S. 800, 96 S.Ct. 1236. Were that motion granted, the defendant would have been excluded from the forum Congress tried to assure it. Similarly, if, as Ms. Pettit apparently suspects, the state court resolves its case more rapidly than the federal court, the state court judgment's preclusive effect would bar further litigation in this court, pursuant to principles of *res judicata*, again foreclosing the non-resident defendant from its federal forum. At best, the defendant will face identical suits in two forums should this case be remanded to the Indiana courts.

The right to removal, in one form or another, has existed since the original Judiciary Act of 1789. 1 Stat. 73, c. 20, § 12. Rightly or wrongly, Congress has sought for two centuries to provide non-resident defendants from the local prejudice of state courts. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3721, at 187 (1985). The court need not endorse Congress' reasoning to hold that this defendant has a right to remove this lawsuit to this court.

Ms. Pettit notes that courts have stated that a plaintiff is the master of her own fate in the filing of her complaint, but that language has been used to explain holdings in the context of the plaintiff's decision whether to plead a removable claim. *See, e.g., Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3721, at 211 (1985). Once the plaintiff has pleaded a removable claim, as Ms. Pettit has done, she is better described as the captive of her complaint if a defendant chooses to exercise its right to removal, as was done here. *See, e.g.,*

*Weiner v. Sorenson,* 341 F.Supp. 397, 399 (E.D.Wis.1972).

The case was properly removed. No grounds for remand have been identified; a defendant entitled to removal does not lose that right if the plaintiff files enough lawsuits. The plaintiff's motion for remand should be, and hereby is, DENIED.

At the hearing on the remand motion, the defendant moved to consolidate this cause with Cause No. S91–127S. Because the claims are identical, the motion is well-taken. Following discussion between the two judges to whom these causes are assigned, the court now GRANTS the defendant's motion for consolidation and ORDERS the consolidated cases assigned to the Hon. Robert L. Miller, Jr. for all further proceedings. The pretrial conference scheduled for 3:00 p.m. on May 24, 1991 before Judge Sharp shall be conducted by Judge Miller in the third floor courtroom.

SO ORDERED.