Harvey R. HUBER, Plaintiff,

v.

GREYHOUND LINES, INC., Defendant.

No. 95–C–1226.

United States District Court,
E.D. Wisconsin.

Feb. 6, 1996.

822

Esser, Deiterich & Stevens by Daniel W. Stevens, Menomonee Falls, WI, for Plaintiff.

Seyfarth, Shaw, Fairweather & Geraldson by Thomas J. Piskorski & Theodore C. Stamatakos, Chicago, IL, for Defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On November 8, 1995, plaintiff Harvey Huber filed this action in Waukesha county circuit court. On December 4, 1995, the defendant, Greyhound Lines, Inc. ["Greyhound"], removed the action to this court. Presently before the court is Mr. Huber's "Objection to Removal."

In his complaint, the plaintiff alleges that he was denied long-term disability benefits as a result of the defendant's failure to submit forms to an insurance carrier in a timely manner. Greyhound removed the case to this court based on its assertion that the plaintiff's claim involves a federal question. *See* 28 U.S.C. § 1441. The defendant asserts that such claims are preempted by the Employee Retirement Income Security Act ["ERISA"], 29 U.S.C. § 1001, *et seq.* "because they relate to and require reference to and interpretation of an employee benefit plan."

In his objection to removal, more properly termed a motion to remand, *see* 28 U.S.C. § 1447(c), the plaintiff concedes that his claim is governed by ERISA. However, he asserts that this court has concurrent jurisdiction with state courts of competent jurisdiction and asks that this court "exercise its discretion and allow this case to continue in the Circuit Court for Waukesha County."

The plaintiff has provided no authority for the proposition that this court has discretion to remand his case based on the existence of concurrent jurisdiction with the state court. Pursuant to 28 U.S.C. § 1441(a),

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the dis-

trict courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Section 1441 provides a defendant with a right of removal where a plaintiff's action falls within the parameters of that statute. *Cf. Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1075 (7th Cir.1992).

Under 28 U.S.C. § 1447, district courts are provided two bases for granting a motion to remand: (1) a defect in the removal procedure, and (2) lack of subject matter jurisdiction. *See Hernandez v. Brakegate, Ltd.,* 942 F.2d 1223, 1225 (7th Cir.1991). In addition, a district court has discretion to remand an action removed from state court when all federal claims have dropped out of the case and only pendent state-law claims remain. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 348, 108 S.Ct. 614, 617–18, 98 L.Ed.2d 720 (1988).

The plaintiff does not contend that this court lacks jurisdiction over the action. Nor does he point to any defect in the removal process. In fact, Mr. Huber concedes that this court does possess concurrent jurisdiction over his case. That state courts have concurrent jurisdiction over the plaintiff's action does not defeat the defendant's right of removal. *Pettit v. Consolidated Rail Corp.,* 765 F.Supp. 508, 509 (N.D.Ind.1991). Nor does the existence of such jurisdiction provide this court with the discretion to disregard Greyhound's choice to exercise its right of removal.

Mr. Huber concedes that this case falls within the purview of ERISA. *See Govindarajan v. FMC Corp.,* 932 F.2d 634, 634 (7th Cir.1991). As such, this court properly has jurisdiction under 28 U.S.C. § 1331. The plaintiff's objection to removal will be denied.

## ORDER

Therefore, IT IS ORDERED that the plaintiff's objection to removal be and hereby is denied, with costs.