**Linda S. HIRSCHBIEL, Plaintiff,**

v.

**Joe JOHNSON and Fort Wayne Community Schools, Defendants.**

**No. 1:00–CV–369.**

United States District Court, N.D. Indiana, Fort Wayne, Division.

Oct. 24, 2000.

**904**

Samuel Bolinger, Fort Wayne, IN, for Linda S. Hirschbiel.

Milford M. Miller, Fort Wayne, IN, for Joe Johnson.

Wendy W. Davis, Fort Wayne, IN, for Fort Wayne Community Schools.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

### I. BACKGROUND

On September 22, 2000, the Plaintiff ("Hirschbiel") filed a motion requesting that her claim be remanded back to state court. The original complaint contained sexual harassment and sexual discrimination claims pursuant to 42 U.S.C. § 2000e et seq., along with several state law claims. On September 19, 2000, the Defendants ("Joe Johnson and Fort Wayne Community Schools") filed its notice of removal pursuant to 28 U.S.C. § 1331, 1441, and 1446. Hirschbiel contends that remand is appropriate because no federal question exists. See Plaintiff's Motion to Remand at ¶ 4.

### II. DISCUSSION

The Plaintiff cites *Donnelly v. Yellow Freight System, Inc.* for the proposition of remand of the claim to state court. In *Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402 (7th Cir.1989) the Seventh Circuit found that state courts share jurisdiction with federal courts with regard to Title VII. The Seventh Circuit stated that the "mere grant of jurisdiction to a federal

court does not operate to oust a state court from concurrent jurisdiction." *Id.* at 406. In support the court cites the fact that Title VII was never intended to be the exclusive remedy for employment discrimination. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 48–49, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) The principles of res judicata and collateral estoppel would then frustrate this intent by precluding a plaintiff from bringing a state created cause of action for employment discrimination. *Donnelly* 874 F.2d at 407. If Title VII created exclusive jurisdiction in the federal court then such state court adjudication would be prohibited thus discouraging the creation and development of state employment discrimination laws. *Id.*

The United States Supreme Court affirmed the Seventh Circuit's decision in *Donnelly* holding that federal courts do not have exclusive jurisdiction over civil actions brought under Title VII of the Civil Rights Act of 1964. *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990) "Unlike a number of statutes in which Congress unequivocally stated that the jurisdiction of the federal courts is exclusive, Title VII contains no language that expressly confines jurisdiction to federal courts or ousts state courts of their presumptive jurisdiction." *Id.* The Court further stated that "the omission of any such provision is strong, and arguably sufficient, evidence that Congress had no such intent." *Id.*

Under the case law cited, the Plaintiffs are correct in stating that a Title VII. claim may be brought in either state or federal court. However, under *Donnelly,* the Court merely stated that state courts are an appropriate forum. *Id.* The Court did not hold that state courts are the only forum in which to bring Title VII. claims. *Id.* The Plaintiff views *Donnelly* as giving her sole discretion to choose which court to litigate its Title VII claim. In fact *Donnelly* appears to find quite the opposite, stating " any concern either party may have over the fairness of the forum is

easily remedied. A plaintiff can file the complaint in federal court and a defendant can remove the complaint to federal Court" See *Id.* at 408.

 The plaintiff's complaint alleges two federal causes of action for sexual harassment and sexual discrimination pursuant to federal statute 42 U.S.C. § 2000e, et seq. "Title VII". The United States district courts shall have original jurisdiction of all civil action arising under the laws of the United States. 28 U.S.C. § 1331. Under a Title VII case, § 1331 provides the federal courts with original nonexclusive jurisdiction. *Peterson v. BMI Refractories,* 124 F.3d 1386, (11th Cir.1997). Thus, the question is not whether the state court or federal court has jurisdiction to hear the federal claim but rather can the defendants properly remove the case to federal court.

The Defendants have the right to remove the action pursuant to 28 U.S.C. § 1441. The general rule found in § 1441(a), provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The fact that a state court may have concurrent jurisdiction over the plaintiff's action does not defeat the defendant's right of removal. *Pettit v. Consolidated Rail Corp.,* 765 F.Supp. 508, 509 (N.D.Ind.1991) *Huber v. Greyhound Lines, Inc.,* 926 F.Supp. 821, 822 (E.D.Wis.1996). In *Huber* the district court found that the existence of concurrent jurisdiction did not give it discretion to disregard defendant's choice to exercise its right of removal. *Huber* 926 F.Supp. at 822. "Once the statutory requirements for the right of removal have been met, this court cannot order a remand on discretionary grounds such as the alleged speedier trial to be afforded the plaintiff." *Pettit v. Consolidated Rail Corp.,* 765 F.Supp. at 509 citing *Romero v. ITE Imperial Corp.,* 332 F.Supp. 523, 526 (D.P.R.1971). Similarly, once the statutory requirements have been met by the defendants removal to this court is appropriate. It is clearly within the discretion of the defendants to have the complaint removed to federal court. See *Donnelly* 874 F.2d at 408. Thus, once the Defendants sought removal, the Court cannot order a remand on discretionary grounds such as concurrent jurisdiction of the Title VII claims.

The district court has the discretion to determine all pendent state law claims once jurisdiction has been conferred by § 1331. 28 U.S.C. § 1441(c) Thus, because this Court has original jurisdiction under § 1331 of the Title VII claims, it will exercise its discretion in not remanding the state law claims in the interest of judicial economy.

For the foregoing reasons, the court:

(1) **DENIES** the Plaintiff's motion to remand.

**IT IS SO ORDERED.**